No. 25349

The People of the State of Colorado v. Robert Gordon Massey a/k/a Robert Massey and Vera Lea Massey a/k/a Vera Massey

(495 P.2d 1141)

Decided April 17, 1972.

142

Carl Parlapiano, District Attorney, 10th Judicial District, Daniel J. Sears, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Darol C. Biddle, Deputy, for defendants-appellees.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Robert Gordon Massey and Vera Lea Massey, the defendants below, were indicted by the Pueblo Grand Jury for possession of a narcotic drug, namely, *cannabis sativa L.,* and of conspiracy to possess a narcotic drug. Prior to trial, counsel for defendants offered several motions including a motion to suppress evidence seized in search of defendants' premises. After a hearing on the sundry motions, the trial court entered its order, *inter alia,* sustaining the defendants' Motion to Suppress on the grounds that (1) the statements in the affidavit did not establish the reliability of one of the informers, and (2) the affidavit does not measure up to requirements for probable cause sufficient for issuance of a search warrant.

The People, who are plaintiff below and appellant here, have brought this interlocutory appeal challenging the order granting defendants' Motion to Suppress. They contend that the law requires a ruling on the motion favorable to them and that the evidence in question should not be suppressed. We do not agree and therefore affirm.

■■ In order to determine the sufficiency of the affidavit in the case before us, we search, as usual, the guidelines laid down by the bench mark cases of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637. As pointed out in these cases, the police must show to the issuing magistrate the underlying facts and circumstances upon which the magistrate can determine that probable cause exists for the issuance of the warrant. And some facts must also be shown to the magistrate upon which he can form a basis for believing that the information supplied by the informer was credible or the informer reliable. *Aguilar v. Texas, supra,* 378 U.S. at 114; *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684; *DeLaCruz v. People,* 177 Colo. 46, 492 P.2d 627.

■ The affidavit in this case is based upon statements by

two confidential informants. Averments in the affidavit attributed to the first informer do not justify a search of the defendants' apartment. The affidavit, while stating that the informant was present when defendant Massey sold marijuana, does not state that she was ever in the defendants' apartment, that she had seen marijuana in the defendants' apartment, or that she had witnessed the sale of marijuana in the defendants' apartment. The information obtained from the first informant was, therefore, not sufficient upon which to base a search warrant of the defendants' apartment.

While the information attributed to the second informer was sufficient upon which to base a warrant, the record makes it perfectly clear that the statements the police officer made to the issuing magistrate concerning reliability of the second informer were not true. The evidence before the trial court clearly establishes that the police officer's statements to the magistrate that the confidential, reliable informant had provided him with accurate information on two past occasions was simply not a fact. Under such circumstances, it is clear that the search warrant was issued by the magistrate based on allegations by the police officer which were false. Such a warrant cannot stand.

The ruling is affirmed.