No. 25838

**The People of the State of Colorado v. Dennis E. Hodge**
(526 P.2d 309)

Decided September 16, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Dorian E. Welch, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an appeal from a judgment of conviction for aggravated robbery. We find no prejudicial error and therefore affirm.

On February 18, 1972, two armed men robbed a convenience restaurant in Denver of approximately $250. The men had both been in the store a short time before the robbery and one of the three salesclerks present had talked to them. They left, returned, and placed guns at the heads of two of the clerks and demanded money. After receiving the money, they tied the clerks and fled.

When the police arrived after the crime, they were given a description of the robbers by two of the three salesclerks, who said they could identify the robbers. The third clerk stated she could not identify the robbers because she was so situated as not to have a good view of them. The next day the two clerks who aided in providing the description viewed a series of police photographs, and each selected a photograph of this defendant-appellant as a possible suspect. The day following, the defendant, who was being held as a suspect in yet another robbery, was placed in a line-up and viewed by each of the salesclerks. This line-up was conducted

only after the defendant was advised of his rights and had counsel to represent him. Both victims positively identified the defendant. The defendant was then charged with this robbery.

At the trial the People called the salesclerks as witnesses. The first, who had previously stated she could not identify the robbers, related the facts of the robbery and gave a general description of what happened. The second, in addition to relating the robbery, was called to identify the defendant in court. Following an *in camera* hearing where the facts surrounding the photographic and line-up identifications were discussed, the trial court held that the line-up identifications were not the product of suggestive police procedures, *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *People v. Ross,* 179 Colo. 293, 500 P.2d 127 (1972); *Phillips v. People,* 170 Colo. 520, 462 P.2d 594 (1969), and therefore testimony relating to that and in-court identification were proper. Both witnesses then related these facts to the jury and identified this defendant as the robber.

I.

 The first point of error is an assertion that the trial court erred in admitting the testimony and identification in court because it was the result of an illegal search and seizure, namely, the defendant's being held on another charge. The argument is based solely on *Davis v. Mississippi,* 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969), and is quite strained. The case does not control here. In *Davis,* the Supreme Court held that fingerprints taken from a defendant who was picked up in a police "dragnet" — without probable cause — were inadmissible as the unlawful fruit of an illegal search and seizure. In this case, however, the defendant does not contest his detention for the other charge, but only his exhibition in the line-up. In short, there is no argument made that he was not properly held. We see no difficulty in holding that a person properly detained can be exhibited in a line-up where he is advised of his rights and represented by counsel. *Cupp v. Murphy,* 412 U.S. 291, 93 S.Ct. 2000, 36 L.Ed.2d

900 (1973); *Early v. People,* 178 Colo. 167, 496 P.2d 1021 (1972); *see also Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). The trial court did not err in admitting the testimony as to identification.

## II.

Two additional arguments raised here require but brief discussion. First, it is contended that the People failed to carry their burden of showing by clear and convincing evidence that the line-up was not suggestive. *Constantine v. People,* 178 Colo. 16, 495 P.2d 208 (1972); *Martinez v. People,* 174 Colo. 125, 482 P.2d 375 (1971). In support of that assertion, however, the defendant merely points to trivial inconsistencies which reveal no suggestibility. Under the totality of circumstances, *Stovall v. Denno, supra,* the record does not show any evidence of suggestibility. Both witnesses had been in the store when the men had come in before the robbery. One of them had spoken with the defendant. They independently picked out his photograph as a likely suspect. There was no evidence of police prompting or photographic "advertising." When the line-up was conducted, the clerks each picked out the defendant without hesitation. These are not the circumstances of suggestibility.

Finally, it is contended that the trial court should have granted judgment of acquittal because the stories of the witnesses were so inconsistent. Again, the record shows no such inconsistency. Moreover, the argument is addressed to the credibility of the witnesses, a matter for the jury's determination. *Dodge v. People,* 168 Colo. 531, 452 P.2d 759 (1969).

The judgment is affirmed.