No. 26785

**The People of the State of Colorado v. Joseph Michael Ellis, III, Karen Sue Ellis and William Randall Slaughter**

(539 P.2d 132)

Decided August 18, 1975.

J. E. Losavio, Jr., District Attorney, Tenth Judicial District, William E. Maschal, Deputy, for plaintiff-appellant.

Darol C. Biddle, for defendant-appellee, Joseph Michael Ellis, III.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave, III, Deputy, for defendant-appellee, William Randall Slaughter.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an interlocutory appeal from a trial court order suppressing as evidence a quantity of contraband seized by officers of the Pueblo Police

Department as the result of a search conducted pursuant to a search warrant. The defendant-appellees, Joseph Michael Ellis III, Karen Sue Ellis and William Randall Slaughter, are under indictment for possession of over one-half ounce of marijuana (C.R.S. 1963, 48-5-2),[1] possession of marijuana for purposes of sale (C.R.S. 1963, 48-5-20),[2] and conspiracy to possess a narcotic drug for sale (C.R.S. 1963, 40-2-201). [3]

On May 23, 1974, the Pueblo police arrested one Jesse Casias for possession of marijuana. The following day Casias was interrogated by members of the police department. On the basis of Casias' statements, the affidavit, which is in question here, was presented to the county court. This affidavit, which was prepared by Officer Lewis C. Andrew, reads in part as follows:

"Casias related that within the past 24 hours he had been on the premises of 2580 Forsythia St., Pueblo, Colorado. At this particular time Casias was in the front room of 2580 Forsythia St., Pueblo, Colorado and bought 2 pounds of marijuana from a party known only to Casias as "Randy." Randy told Casias that he, Randy, had more pounds of marijuana to sell to Casias and that he had them in the house; 2580 Forsythia St., Pueblo, Colorado, at this time. Casias stated to the affiant that he observed a quantity of marijuana, besides the 2 pounds he bought, on the premises of 2580 Forsythia St., Pueblo, Colorado within the past 24 hours.

"Casias took Officers Dennis Yaklich and Gordon Hinds to a green stucco house on Forsythia St., Pueblo, Colorado and pointed to the house and said that was where he had been within the past 24 hours and saw a quantity of marijuana. Casias also said that this was where "Randy" lived. Officer Yaklich then walked by this house, green stucco house on 2580 Forsythia St., Pueblo, Colorado, and got the numbers 2580 off the front of the house. This information in the paragraph was related to the affiant by Officer Yaklich."

The county court issued a search warrant for the residence described in the affidavit. The pursuant search resulted in the seizure of a quantity of marijuana and the arrest of the defendants. Prior to trial on the assorted charges related to the defendants' possession of this contraband, the trial court conducted a hearing on the defendants' motion to suppress the evidence seized from the house.

After hearing the testimony offered by both parties, the trial court ordered the evidence suppressed. The court's order was predicated upon extensive findings of fact and conclusions of law. Specifically, the court found that Casias did not know the address of the defendants' house nor did he know its color or any identifying characteristics. The court also found that Casias did not point out a particular house as belonging to the defendants. Instead, the court found that Casias merely identified a vehi-

[1]Now section 12-22-302, C.R.S. 1973.
[2]Now section 12-22-322, C.R.S. 1973.
[3]Now section 18-2-201, C.R.S. 1973.

cle, which was parked in front of the house mentioned in the affidavit, and which he believed to be owned by the defendant known to him as "Randy." More importantly, it was the court's finding that contrary to the statement contained in the affidavit, Casias did not see an additional quantity of marijuana in the defendants' dwelling. Based on these findings, the court made the further finding that the affiant was not justified in asserting as true the statements of the affidavit which Casias contradicted at the hearing.

The role of the law enforcement officer in the search warrant procedure includes furnishing the magistrate with accurate facts and trustworthy information for purposes of enabling the magistrate to determine whether probable cause exists. *People v. Brethauer*, 174 Colo. 29, 482 P.2d 369 (1971); *People v. Schmidt*, 172 Colo. 285, 473 P.2d 698 (1970). After the magistrate has made the determination that probable cause exists and has issued a warrant, it is within the competence of the trial court, when the truth of the statements in the affidavit are challenged by a motion to suppress, to ascertain whether the information and statements in the affidavit are in fact trustworthy and correct. Crim. P. 41(e); *cf. People v. Trujillo*, 179 Colo. 428, 500 P.2d 1176 (1972); *People v. Massey*, 178 Colo. 141, 495 P.2d 1141 (1972).

In the instant case, the trial court was confronted with contradictory testimony bearing on several statements contained in the affidavit. As the trier of fact, the lower court's findings are binding on this court when supported by competent evidence. *People v. Martinez*, 186 Colo. 388, 527 P.2d 534 (1974); *People v. Trujillo, supra.* Although we might reach a contrary conclusion, we must accept the trial court's findings that Casias did not know the address of the defendants' residence nor did he specifically identify a particular house as being the home of the defendants.

Similarly, the record supports the trial court's finding that Casias did not witness the presence of an additional quantity of contraband. The trier of fact, in this instance the trial court, is best suited to evaluate credibility and for that reason we must accept the lower court's determination that the affiant-officer did not sincerely believe the contradicted statements contained in the affidavit. *People v. Hodge*, 186 Colo. 189, 526 P.2d 309 (1974); *People v. Gaines*, 181 Colo. 151, 508 P.2d 392 (1973).

Any statement included in an affidavit for a search warrant known to the affiant to be false, inaccurate or misleading must be stricken and cannot be considered in determining whether the substance of the affidavit justified the issuance of a search warrant. *People v. Malone*, 175 Colo. 31, 485 P.2d 499 (1971); *People v. Woods*, 175 Colo. 34, 485 P.2d 491 (1971). Ignoring, as we must, the statements in the affidavit which the trial court found to be false, it is abundantly clear that the affidavit would not support the ensuing search warrant.

The ruling of the trial court is affirmed.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON do not participate.