The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Sonia E. MARTINEZ, also known as Sonia Lujan, Defendant-Appellee.

No. 82SA294.

Supreme Court of Colorado, En Banc.

Feb. 7, 1983.

R. Dale Tooley, Dist. Atty., Second Judicial Dist., O. Otto Moore, Asst. Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Denver, for plaintiff-appellant.

James M. Smith, Denver, for defendant-appellee.

ERICKSON, Justice.

This appeal was taken by the district attorney after the information charging Sonia E. Martinez with narcotics offenses was dismissed by the district court for failure of the prosecution to produce a confidential informant for an *in camera* hearing. We affirm the district court.

On January 11, 1982, Denver Detective Mario P. Luchetta signed an affidavit for the issuance of a search warrant for the premises located at 4825 West 11th Avenue in Denver. Detective Luchetta's affidavit specifically provided:

"Your affiants informant contacted your affiant between the dates of 1–9–82,

and 1–11–82 and stated he was in the premises of 4825 W. 11th ave. during this period of time and while he was in the premises he observed a female party known to him as Sonja, who was approximately 5′ tall, weighing approximately 105 pounds, and who was approximately 23 years old. The informant stated that he observed Sonja with several folded sno-seal papers of suspected Cocaine, which she was selling for $25.00 each. The informant further stated that he observed the Cocaine in the Kitchen area of the residence. The informant further stated that Sonja drove a black Thunderbird which she parks in front of the residence.

"Your affiants informant further stated that he is familiar with the appearance and packaging of Cocaine as he has observed Cocaine on several occasions in his life.

"Your affiant and his partner checked the location of 4825 W. 11th ave. and found the premises, and your affiant further observed a Black Thunderbird (CN–2700), which listed to Sonia Martinez on a 1967 Ford. Your affiant further observed a 1976 Chevrolet (BC–6117). This vehicle listed to Sonia Lujan at 4825 W. 11th ave. Your affiant further checked the Denver Police Dept. Vice/Drug Control files and found Sonja Martinez who matched the above description given to your affiant.

"Your affiant requests the issue of this warrant before the use, sale, or distribution of the above stated contriband.

"Your affiant further showed the confidential reliable informant a Denver Police Dept. Mug Shot (264762) and the informant stated that the photo was that of Sonja Martinez. Denver Police Dept. photo (264762) belongs to Sonja Martinez."

(Spelling retained from original.) Narcotics were seized in the course of the search and Martinez was subsequently arrested. The defendant then filed a motion to suppress, coupled with a motion for the disclosure of the name of the confidential informant supported by a conclusory affidavit. At a hearing on the motions the defendant testified that no person had been inside of her home from January 9, 1982 to January 11, 1982 when the informant claimed to have been in her home.

Relying on our decision in *People v. Dailey,* 639 P.2d 1068 (Colo.1982), the court ordered that the prosecution produce the confidential informant for an *in camera* hearing. *See also Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The Court also directed that defense counsel submit in writing any questions that he desired the court to ask the alleged informant.

In *People v. Dailey, supra,* we suggested that an *in camera* hearing is a proper method of protecting the identity of confidential informants. We outlined in footnote 11 of *Dailey*[1] an *in camera* procedure which could

1. In *People v. Dailey,* 639 P.2d 1068, 1077 n. 11 (Colo.1982), we said:

"We note, however, that a valuable third alternative exists in informant privilege cases. In addition to either ordering or denying disclosure of the informant's identity, the court has the alternative of conducting an *in camera* hearing at which the prosecution is required to present the informant for judicial interrogation. *See People v. Langford,* [191 Colo. 87, 550 P.2d 329 (1976)]. If such a hearing is ordered, the defendant should have an opportunity to submit questions he desires the judge to ask at that proceeding. A summary report of such proceedings should be made available to the defendant, and a transcript of the proceeding should be sealed and preserved for use in case of appellate review. *See* 1 *W. LaFave, Search and Seizure* § 3.3(g) (1978). The *in camera* hearing should not be viewed as a substitute for disclosure in all cases, for we rely upon an adversarial system of justice, and an *ex parte* proceeding can never supply the full equivalent of independent research and direct confrontation by the accused. However, in proper cases, such a hearing can avoid an otherwise irreconcilable conflict between the legitimate need for informant anonymity and the right of the defendant to be free of unfounded infringements of his privacy and liberty. Courts and commentators have expressed general approval of the *in camera* hearing device in this context, and we believe that its use should be fostered. *E.g., United States v. Alexander,* 559 F.2d 1339 (5th Cir. 1977); *United States v. Moore,* 522 F.2d 1068

be followed. *See also People v. Bueno,* 646 P.2d 931, 938 n. 8 (Colo.1982). The *in camera* procedure allows the court to protect the anonymity of informants while protecting defendants and the judicial process against abuse by false affidavit or testimony. In this case, the trial court ordered an *in camera* hearing so that the confidential informant could be examined by the court and prosecution. Flexibility was left as to the hearing date to protect further the anonymity of the informant. At the *in camera* hearing, however, the Denver Police Department detective who had secured the warrant reported to the court that the informant refused to appear before the court. The case was thereafter dismissed.

In *People v. Dailey,* 639 P.2d 1068, 1074–75 (Colo.1982), we said:

"We consider it appropriate that the defendant show some good faith basis in fact to question the accuracy of an affidavit for search warrant before a veracity hearing need be held. Additionally, fairness to the prosecution requires that the motion to suppress specify which statements in the affidavit will be challenged, so that the prosecution can prepare for the suppression hearing. Consequently, as conditions to a veracity hearing testing the truth of averments contained in a warrant affidavit, under our state law we shall require that a motion to suppress (1) be supported by one or more affidavits reflecting a good faith basis for the challenge and (2) contain a specification of the precise statements challenged. We limit the requirements which we announced today, however, to prospective application."

The motions and the affidavit which were filed to support disclosure of the identity of the informant were conclusory and did not, in our view, comply with the prerequisites required by the *Dailey* case. However, the defendant did testify that no one was in her home during the period specified in the affidavit and the prosecution did not object to the foundation laid by defense counsel at the hearing (except to question credibility) or to the procedure followed by the trial judge.

In our view, the threshold showing required by *People v. Dailey,* 639 P.2d 1068 (Colo.1982), was woefully inadequate here. However, once the hearing was held and an order for an *in camera* hearing was entered, the record suggests that the prosecution voiced no objection to the procedure. Thereafter, Detective Luchetta advised the court that the informant refused to appear and that Luchetta did not think the informant should appear. Under the circumstances of this case, we cannot rob the trial judge of the discretion to determine the credibility of the witnesses and to evaluate the evidence which caused him to order an *in camera* hearing. When the prosecution appeared to accept the procedure outlined for the protection of the informant, it was within the discretion of the trial court to order dismissal when the informant was not produced for an *in camera* hearing.

Under the circumstances here we will not disturb the lower court's factual determinations which are not clearly erroneous. *See People v. Johnson,* 653 P.2d 737 (Colo.1982); *People v. Ellis,* 189 Colo. 242, 539 P.2d 132 (1975). The trial court resolved the factual and credibility issues in favor of the defendant and found that a good faith basis existed for doubting the accuracy of the affidavit, thus necessitating an *in camera* veracity hearing. *People v. Dailey, supra; People v. Bueno, supra.* The court therefore acted within its discretion in ordering the hearing. Thereafter, it was not an abuse of the trial court's discretion to dismiss the charges when the prosecution refused to produce the informant in accordance with the court's order.

Accordingly, we affirm the district court.

ROVIRA, J., dissents.

HODGES, C.J., joins in the dissent.

(9th Cir.1975); *United States v. Danesi,* 342 F.Supp. 889 (D.Conn.1972); 1 *W. LaFave, Search and Seizure* § 3.3(g) (1978 and 1981

Pocket Part); ALI *Model Code of Pre-Arraignment Procedure* § SS 290.4 (Off. Draft 1975)."

ROVIRA, Justice, dissenting:

In this case the defendant filed a "Motion for Disclosure of Informants' Identity," seeking disclosure of the informant referred to in the affidavit of Detective Mario P. Luchetta, and a "Motion to Suppress and for Return of Property." In support of the latter motion the defendant submitted an unverified affidavit in which she stated: "I hereby verify the facts and contentions contained in the attached MOTION TO SUPPRESS" and "[A]ny additional statements of fact will violate my constitutional privilege against self-incrimination." In addition she stated that her attorney had informed her that the search and seizure was unlawful and, as such, violated her constitutional rights. The motion to suppress did not specify the statements in the officer's affidavit which she challenged.

At a hearing on the issue of whether the informant's name should be disclosed, defense counsel, relying on *People v. Dailey,* 639 P.2d 1068 (Colo.1982), took the position that he was entitled to test whether the police officer or the informant gave false information.

The district attorney argued that in order to have a hearing based on *People v. Dailey, supra,* there had to be an initial showing by the defendant of some type of dispute concerning the affidavit of the police officer.

The trial court, although it didn't believe that a bald statement made by the defendant that she had reason to believe the allegations in the officer's affidavit were untrue was sufficient, permitted the defendant to take the witness stand and testify concerning who was in her house between the dates of January 9 and 11, 1982. After the defendant testified, the People advised the court that Luchetta was the only person who knew the name of the informant and, since he was not present, offered no evidence.

The trial court then ordered that the informant be produced for an *in camera* hearing pursuant to *People v. Dailey, supra.*

The majority opinion affirms the ruling of the trial court on the basis that, even though the affidavit of the defendant and the motion to suppress were conclusory and did not comply with the prerequisites of *Dailey,* the prosecution did not object to the foundation laid by defense counsel or to the procedure followed by the trial judge.

I have three points of disagreement with the majority opinion. First, as noted by the majority, the defendant's affidavit was conclusory. Therefore, there was absolutely no showing by the defendant of "some good faith basis in fact to question the accuracy of an affidavit for search warrant" before the hearing. *People v. Dailey, supra.*

Second, the motion to suppress did not specify which statements in the police officer's affidavit would be challenged. The only reference in the motion to his affidavit was that it "is replete with statements consciously made in reckless disregard for the truth or with knowledge of their falsehood." As we stated in *Dailey,* "fairness to the prosecution requires that the motion to suppress specify which statements in the affidavit will be challenged. . . ." Here we have no such specificity, and the general statement made was one of over a dozen grounds for suppression.

Third, the prosecution did object to the foundation laid by defense counsel.[1]

---

1. Defense counsel stated: "The question is whether it's Mr. Luchetta or whether, in fact, the confidential informant gave false information and that's what we're allowed to test." The district attorney then said:

- "Your Honor, I only have one problem with this. I think that to trigger the action of the case law which has recently come down [*People v. Dailey*], there has to be some evidence shown that would cause some sort of dispute. In other words, something has to be shown that would trigger it. It isn't automat-

ic just because we have an affidavit with a confidential informant."

Shortly thereafter, defense counsel offered the defendant as a witness. The court said, "Let's proceed," and the district attorney then said, "I think you better do that." It is this last statement of the district attorney upon which the majority relies to support its conclusion that "the prosecution did not object to the foundation laid by defense counsel at the hearing [except to question credibility] or to the procedure followed by the trial judge."

The defendant failed to meet the conditions for a veracity hearing set out in *Dailey,* and the trial court erred in permitting the defendant to take the witness stand. There was no affidavit filed by the defendant that reflected a good faith basis for the challenge, and her motion did not specify the precise statements challenged.

In my opinion, the court, by affirming the order of dismissal, has negated the clear and precise requirements set out in *Dailey.* By this opinion the bench and bar will be on notice that any attack on the affidavit supporting a search warrant can be commenced by surmise and conjecture.

I am authorized to say that Chief Justice HODGES joins me in this dissent.