The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

David WINDEN and Ben Montgomery,
Defendants-Appellees.

No. 83SA335.

Supreme Court of Colorado,
En Banc.

Sept. 24, 1984.

I

On February 15, 1983, four members of the Pueblo Police Department and two Pueblo County deputy sheriffs executed a search warrant issued that day to search premises described as "544 Clarion Dr. Pueblo West Colorado." At that time, the residence was occupied by defendants David Winden and Ben Montgomery. The search revealed approximately thirty pounds of marijuana on the premises. Subsequent to the search, and after both defendants were placed under arrest, defendant Winden allegedly made several inculpatory statements to police officials.

The search warrant was issued by a county judge in reliance upon an affidavit of Officer Richard Van Zandt of the Pueblo Police Department. The first paragraph of the affidavit stated that a "confidential reliable informant" related to Officer Van Zandt that on February 15, 1983, the informant observed a large quantity of suspected marijuana in the possession of defendant Winden at 544 Clarion Drive. The second paragraph of the affidavit stated as follows:

> The confidential reliable informant mentioned in paragraph # 1 of this affidavit has supplied the affiant with information that led to the arrest of Phillip Jon G[o]nzales DOB 07–22–65 on 02–13–83, for possession of marijuana under one ounce, and possession of marijuana for sale.

Prior to trial, defendants filed motions to suppress all tangible property seized pursuant to the search warrant and to suppress Winden's statements. The motion to suppress tangible items contained the following assertions:

> 1. There was no probable cause for issuance of the search warrant pursuant to which the aforesaid premises were searched, and the Affidavit on the basis of which the warrant was issued did not comply with the constitutional standard of probable cause as required by the Fourth and Fourteenth Amendments to the United States Constitution. In other words, there was not probable cause for

G.F. Sandstrom, Dist. Atty., Matthew Martin, Deputy Dist. Atty., Pueblo, for plaintiff-appellant.

Darol C. Biddle, Pueblo, for defendants-appellees.

KIRSHBAUM, Justice.

The People brought this interlocutory appeal pursuant to C.A.R. 4.1 challenging an order of the trial court granting defendants' motions to suppress certain tangible evidence and statements. We reverse and remand.

believing the existence of the grounds on which the warrant was issued.

. . . .

5. The search warrant and the affidavit on the basis of which the warrant was issued are void and invalid since the affidavit on the basis of which the warrant was issued contains certain inaccurate and misleading statements and allegations in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article II, Section 7 of the Colorado Constitution.

At the hearing on these motions, which commenced July 15, 1983, defense counsel questioned Officer Van Zandt about the circumstances surrounding his relationship with the confidential informant. The prosecuting attorney objected to defense counsel's interrogation of the officer on the sole ground that any responses would lead to an impermissible disclosure of the identity of the informant. Thereupon, the trial court questioned Officer Van Zandt *in camera* about the circumstances surrounding the informant's prior reliability.[1]

Following this *in camera* hearing, the trial court informed the prosecuting attorney that if the identity of the informant were not disclosed to defendants, the trial court would permit defendants to inquire into the circumstances underlying the statements contained in the second paragraph of the affidavit concerning the reliability of the confidential informant. The hearing was continued to July 21 to permit the district attorney to consider the court's order.[2]

The prosecuting attorney declined to disclose the identity of the informant, and at the outset of the proceeding on July 21 objected to further questioning of Officer Van Zandt by defendants on the ground that defendants had not met the procedural requirements of *People v. Dailey*, 639 P.2d 1068 (Colo.1982). The trial court overruled the objection, and defense counsel contin-

---

1. The record does not contain any transcript of this *in camera* proceeding. The record does contain the following transcription of the conclusion of the July 15 hearing:

Q [BY DEFENSE COUNSEL] All right. But how did you happen to select this particular person? Did you make a deal with him or what?

[OFFICER VAN ZANDT]: Again, Your Honor, I'd like to speak to the District Attorney as far as—because it might jeopardize my confidential informant.

[PROSECUTING ATTORNEY]: Judge, I'll object to the form of the question. The only way—I object on the same grounds that I have objected before.

[DEFENSE COUNSEL]: Well, Your Honor, I'm trying to be as general as possible. I'm not trying to ask for names or anything but I think I'm entitled to elicit this information. If they are going to invoke this informer privilege, I think they have to lay some kind of a foundation showing they need to invoke it.

THE COURT: That's correct at this point. You come back in chambers with me, Mr. VanZandt.

[OFFICER VAN ZANDT]: Yes, Your Honor.

[PROSECUTING ATTORNEY]: Am I allowed to go, Your Honor?

THE COURT: We'll see what this develops.

(Whereupon, proceedings were had in chambers, and not herein transcribed as per Designation of Record.)

(Whereupon, the court was in recess.)

The next entry in the transcript reflects the commencement of proceedings on July 21, 1983.

2. In the written order which is the object of this appeal, the trial court stated as follows:

At the hearing on July 15, 1983, Officer VanZandt was extremely reluctant to answer any questions posed by defendants' counsel concerning the statements in the affidavit, and his extreme reluctance led the Court to discuss the incident with Officer VanZandt in chambers. The Court then advised the District Attorney that it was going to permit Mr. Biddle to question Officer VanZandt as to the statements in the affidavit concerning the reliability of the informer or, alternatively, to require disclosure of the informer. In fairness to the District Attorney, the Court terminated the hearing on July 15, 1983, in order to give the District Attorney the opportunity to consider the options that had been presented. Upon being advised by the District Attorney in a day or two that he did not desire to disclose the identity of the confidential informer, the hearing was continued on July 21, 1983, and defendants' counsel was permitted to question Officer VanZandt concerning his statements in the affidavit relating to the reliability of the informer.

The People do not suggest that the trial court's written order does not accurately describe the events which occurred during the proceedings below.

ued the cross-examination of Officer Van Zandt. This examination revealed the following additional facts: (1) on February 13, 1983, Officer Van Zandt asked the informant to assist Officer Eddie Rhodes and Van Zandt by purchasing suspected drugs at a particular Pueblo park where drug transactions were known to occur; (2) the informant was given marked city funds and instructed to go to the park and wait for someone to offer to sell him drugs; (3) at all times the informant was within the eyesight of Officer Rhodes; (4) Officer Van Zandt concealed himself near the park, but at all times maintained radio contact with Officer Rhodes, who was also concealed; (5) the informant purchased some marijuana cigarettes, immediately turned over the unused city funds and the contraband to Officer Van Zandt, and described the person who had sold the marijuana cigarettes; (6) this information was relayed to Officer Rhodes, who pursued the suspect; and (7) the suspect was stopped and arrested by Officer Van Zandt. Officer Rhodes testified that from his vantage point he only saw the informant "receiving something" from Gonzales and observed Gonzales "put something in his pocket."

Subsequent to the hearing, the trial court suppressed all of the tangible evidence seized pursuant to the search warrant. It also suppressed certain statements made by Winden to police officers on the ground that these statements were the product of the unlawful arrest. The trial court denied defendants' request to suppress certain statements found by the court to have been "volunteered" by Winden.

Concluding that the circumstances surrounding the apprehension of Gonzales were "contrived," the trial court ruled that the statement that the confidential informant had supplied Officer Van Zandt with information which led to an arrest was "not correct." The trial court then struck the second paragraph from the search warrant and concluded that, without the stricken information, the warrant did not satisfy the

"reliability prong" of the *Aguilar-Spinelli* test.[3] The trial court further held that, absent the stricken paragraph, the affidavit failed to establish probable cause under the "totality of the circumstances" test of *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The trial court did not rule on the other issues raised by defendants in their suppression motions.

## II

The People first assert that defendants should not have been permitted to examine Officer Van Zandt on July 21 concerning the circumstances of the arrest of Phillip Jon Gonzales because they failed to establish any right to challenge the veracity of Officer Van Zandt's affidavit. We disagree with this argument in the circumstances of this case.

■ In *People v. Dailey*, 639 P.2d 1068 (Colo.1982), we held that a defendant who, under state law, seeks to challenge the veracity of a warrant affidavit must file a motion which contains a specification of the precise statements challenged and which is accompanied by one or more affidavits reflecting a good faith basis for the challenge. Upon a similar preliminary showing, a veracity hearing must be held in order to comply with the Fourth Amendment of the federal constitution. *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

■ Defendants' motion to suppress did not satisfy such procedural requirements here. However, the impetus for the critical evidentiary hearing which took place on July 21 was not the initial motion to suppress filed by defendants, but rather the order of the trial court on July 15 that, based upon its *in camera* questioning of Officer Van Zandt, it would permit further cross-examination of the officer by defendants unless the prosecutor revealed the identity of the informant referred to in the affidavit. No objection was voiced to the July 15 *in camera* hearing, and the People

---

**3.** *See Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) *and Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

do not suggest that the trial court lacked authority either to conduct such *in camera* hearing or to enter such order after interrogating the officer. *See People v. Bueno,* 646 P.2d 931 (Colo.1982). *Cf. People v. Martinez,* 658 P.2d 260 (Colo.1983). While we reaffirm the necessity of compliance with the procedural requisites described in *Dailey* for veracity challenges formally raised by a defendant, we conclude that in this case defendants were authorized by the trial court's order of July 15 to pursue their examination of Officer Van Zandt.[4]

### III

The People next contend that the trial court employed an erroneous legal standard in striking the second paragraph of the affidavit. We agree.

■ In *People v. Arnold,* 186 Colo. 372, 527 P.2d 806 (1974), we recognized that in some circumstances the veracity of statements attributed to confidential informants in affidavits for search warrants may be challenged by a defendant. It is also well settled that a defendant may challenge the sufficiency of a warrant affidavit on the ground that statements of the affiant are false. *People v. Bueno, supra. See People v. Ellis,* 189 Colo. 242, 539 P.2d 132 (1975).

In *People v. Dailey, supra,* we addressed some of the problems arising from a conclusion that statements contained in a warrant affidavit are false. We held, following *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), that the Fourth Amendment of the United States Constitution requires false statements contained in such affidavits to be stricken if "the source of the error is intentional falsehood or reckless disregard for the truth on the part of the officer-affiant." *Dailey,* 639 P.2d at 1075. *See also People v. Massey,* 178 Colo. 141, 495 P.2d 1141 (1972). We also expressly indicated that if the error resulted from some source other than an intentional falsehood or reckless

disregard for the truth, the question of appropriate sanctions, if any, would be left to the discretion of the trial court. In any event, it is imperative that the trial court make specific findings why the false statements are in the affidavit submitted to obtain a search warrant.

■ The trial court here found the statement in the affidavit that information provided by the confidential informant led to the arrest of Gonzales to be "not correct." However, the standard for initial evaluation of an affidavit properly subjected to a veracity challenge under *Dailey* is whether the challenged statement is false. If that determination is made, the trial court must specifically identify the source of such error and then fashion an appropriate remedy. Here, the trial court applied an improper standard and failed to enter findings with respect to the source of any error in support of its decision to strike language from the affidavit. Its ruling, therefore, must be reversed.

■ Because other issues and arguments raised by defendants' motions for suppression have not been ruled upon, this matter must be remanded for further proceedings. In such posture, it is appropriate to point out that the fact that an officer-affiant's statements in a warrant affidavit are not false does not necessarily end judicial scrutiny of the contents of the affidavit. In *People v. Dailey, supra,* we noted the potential tension between the requirement that an affidavit for a warrant must contain sufficient facts to permit the issuing judge to exercise real discretion and the need to shield the identity of police informants. Because the decision of a judicial officer asked to issue a warrant is the cornerstone of our constitutional protections against unlawful governmental invasions of privacy, it is of paramount importance that the decision be based on a complete factual predicate. Probable cause determinations are invariably based on infer-

---

**4.** We need not speculate upon the issues which might have arisen had the prosecuting attorney at any time prior to the trial court's July 15 order objected to the questioning of Officer Van Zandt on the ground that defendant had failed to satisfy the procedural requirements of *Dailey.*

ences drawn from the language appearing in warrant affidavits. The danger of producing erroneous inferences is heightened to the extent of any misrepresentations in the officer-affiant's sworn statements, with the result that the shield of judicial inquiry designed to protect personal rights from improper governmental invasion may be transformed into a weapon, forged by judicial ignorance, capable of destroying such rights.

It has, therefore, been recognized that in some circumstances statements of officer-affiants may be so misleading because of the omission of material facts known to the affiant at the time the affidavit was executed that a finding of probable cause based on such statements may be deemed erroneous. *See United States v. Martin*, 615 F.2d 318 (5th Cir. 1980); *United States v. Melvin*, 596 F.2d 492 (1st Cir.1979), *cert. denied*, 444 U.S. 837, 100 S.Ct. 73, 62 L.Ed.2d 48 (1979); *Cruse v. State*, 584 P.2d 1141 (Alaska 1978); *People v. Kurland*, 28 Cal.3d 376, 618 P.2d 213, 168 Cal.Rptr. 667 (1980), *cert. denied*, 451 U.S. 987, 101 S.Ct. 2321, 68 L.Ed.2d 844 (1981); *People v. Reynolds*, 96 Ill.App.3d 79, 51 Ill.Dec. 635, 420 N.E.2d 1193 (1981); *State v. Lockett*, 232 Kan. 317, 654 P.2d 433 (1982); *Commonwealth v. Scanlan*, 9 Mass.App. 173, 400 N.E.2d 1265 (1980). A fact is material for the purposes of such constitutional inquiry only if its omission rendered the affidavit substantially misleading to the judge who issued the warrant. *People v. Kurland, supra.* A trial court conducting such inquiry must also identify the source of any material omission before determining whether any sanctions should be imposed as a result of the officer-affiant's error. *See People v. Dailey, supra; People v. Kurland, supra.* Omissions that are the product of an intentional effort to mislead the issuing magistrate or a reckless disregard of known material facts would normally justify more severe sanctions than errors occurring for other reasons. The fashioning of a suitable remedy must be left to the discretion of the trial court in the circumstances of each case, giving due regard to the appro-

priate constitutional mandates and the rule of reason which guides their application to particular events. *See Theodor v. Superior Court*, 8 Cal.3d 77, 501 P.2d 234, 104 Cal.Rptr. 226 (1972).

The trial court's order suppressing tangible objects and certain statements is reversed, and the case is remanded for further proceedings.

ROVIRA, J., dissents.

ROVIRA, Justice, concurring in part and dissenting in part:

I concur in the result reached in the majority opinion that the trial court applied an improper standard and failed to make findings with regard to the source of any error in support of its decision to strike the second paragraph of the affidavit.

However, I once again disagree with the court's refusal to require a defendant, seeking to suppress evidence on the basis of a veracity challenge to a warrant affidavit, from complying with the requirements of *People v. Dailey*, 639 P.2d 1068 (Colo. 1982). *See People v. Martinez*, 658 P.2d 260 (Colo.1983) (Rovira, J., dissenting).

The motion to suppress was heard on July 15, 1984. Prior to that time, the defendants had filed a motion for discovery which was argued on May 25, 1983. Although the motion for discovery is not included in the record, the trial court's order dated June 29, 1983, reflects that the motion requested information concerning the arrest of Phillip Jon Gonzales, the person referred to in the second paragraph of the officer's affidavit. See Slip Op. at 2.

The trial court's order states in part that: "A search warrant was issued in the case at bar based upon information furnished to officers by a confidential informant, and the affidavit in support of the warrant attempts to establish the reliability of the informant by reference to an incident involving the said Phillip Jon Gonzales." The court then ordered the district attorney to furnish the defendants copies of the

police reports involving the arrest of Gonzales.

On July 15, defense counsel called Officer Van Zandt to the witness stand and asked him several questions about the informant. These questions related to how this informer became an informer, how and when the officer first met the informer, and whether the officer met the informer by virtue of an arrest of the informer. The district attorney objected to this line of questioning on the grounds that the answers might reveal the name of the informant.

After defense counsel argued that he was entitled to an answer to his questions, and that the People had to lay a foundation if they were going to invoke an informer privilege, the trial judge ordered Officer Van Zandt into the judge's chambers. The hearing was then terminated and resumed on July 21, 1983.

On July 21, the People brought to the trial court's attention our decision in *People v. Dailey*, 639 P.2d 1068 (Colo.1982) which required the defendant to specify as a condition to a veracity hearing which statements in the officer's affidavit are being challenged, and to submit an affidavit showing a good faith basis for the challenge. Although defense counsel admitted he had not complied with the requirements of *Dailey*, the trial court permitted the veracity hearing to go forward and allowed further inquiry into paragraph two of the affidavit to determine why the officer considered the informant reliable.

Although the majority opinion reaffirms support for the procedural requirements set out in *People v. Dailey*, it excuses the failure of defense counsel to comply by holding that the impetus for the July 21 hearing was not the motion to suppress filed by the defendants, but the order of the trial court permitting cross-examination by defense counsel. (Slip op. 6).

Such reasoning is beyond my comprehension. The simple fact is that the veracity hearing began on July 15 at the request of the defendants. The impetus for the hearing was the defendants' discovery motion and the allegation in defendants' motion to suppress tangible evidence that "the affidavit on the basis of which the warrant was issued contains certain *inaccurate and misleading* statements ...." (emphasis added). Prior to that hearing, no effort was made to comply with the straight forward requirements of *People v. Dailey*, and the People objected to the questions propounded to Officer Van Zandt. To hold that the impetus for the evidentiary hearing came from the trial court and not from the defendants is to ignore reality and create another excuse for failure to comply with *Dailey*.

In *People v. Martinez*, 658 P.2d 260 (Colo.1983), the court observed that the threshhold showing required by *People v. Dailey* was woefully inadequate. It excused this inadequacy on the grounds that "once the hearing was held and an order for an *in camera* hearing was entered the record suggests that the prosecution voiced no objection to the procedure." *People v. Martinez*, 658 P.2d at 262.[1]

Here, from the outset, the People objected to any questions concerning the informant, and at the recessed hearing on July 21, the People directed the trial court's attention to the requirements of *Dailey*. There is no indication here that the People waived the prerequisites of *Dailey*, and the mere fact that the People voiced no objection to the trial judge's ordering Officer Van Zandt into the judge's chambers is no basis for asserting waiver by the People.

If *Dailey* is to have any meaning, then the court must enforce its pronouncements. In my opinion, the defendants have failed to meet the conditions for a veracity hearing and the trial court erred in permitting

1. In *People v. Nunez*, 658 P.2d 879 (Colo.1983), cert. granted, —— U.S. ——, 104 S.Ct. 65, 78 L.Ed.2d 80 (1983), *cert. dismissed as improvidently granted*, —— U.S. ——, 104 S.Ct. 1257, 79 L.Ed.2d 338 (1984), the defendant also failed to comply with the prerequisites of *People v. Dailey*. However, we excused such failure because the People acquiesced in the waiver of those prerequisites and did not raise the point on appeal.

the hearing to go forward. I repeat here what I said in *People v. Martinez*, 658 P.2d at 264: "By this opinion the bench and bar will be on notice that any attack on the affidavit supporting a search warrant can be commenced by surmise and conjecture."