The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Jerry DeWayne GRADY and Dorothy Mae Grady, Defendants–Appellees.

No. 87SA165.

Supreme Court of Colorado, En Banc.

May 9, 1988.

G.F. Sandstrom, Dist. Atty., Mark Anderson, Deputy Dist. Atty., Pueblo, for plaintiff-appellant.

James D. Coursey, Pueblo, for defendant-appellee Jerry DeWayne Grady.

Ted J. Malouff, Pueblo, for defendant-appellee Dorothy Mae Grady.

ERICKSON, Justice.

The prosecution brought this interlocutory appeal pursuant to C.A.R. 4.1, challenging an order of the trial court granting defendants' motion to suppress tangible evidence and statements. We reverse and remand to the district court for further proceedings consistent with this opinion.

## I.

On October 20, 1985, a Pueblo County judge issued a search warrant for the residence and garage at 2141 East Routt Ave-

nue, Pueblo, Colorado. The search warrant was based upon an affidavit prepared by Detective Lewis C. Andrew that contained facts obtained from a confidential informant and corroborated by Andrew's own investigation. The affidavit set forth the following facts: (1) the informant was on the premises of 2141 East Routt Avenue, Pueblo, Colorado within twenty-four hours prior to the date the warrant was issued; (2) he observed both defendants in possession of approximately three pounds of marijuana; (3) he said the marijuana was packaged in plastic bags in one-quarter pound quantities; (4) he knew the plastic bags contained marijuana because the defendants were selling marijuana to people who had come to their residence; (5) the informant had been involved with marijuana for several years and knew what marijuana looked like and how it was packaged; (6) he knew Dorothy Grady kept marijuana and the proceeds from the sale of marijuana in her bedroom; (7) on October 20, 1985, the informant saw Jerry Grady put approximately two pounds of marijuana into his garage and lock the garage with a key; and (8) the informant stated that the garage was located just to the rear of the residence.

Detective Andrew independently corroborated the information provided by the informant. According to the affidavit, Andrew checked the Pueblo Police Department records and found that Jerry and Dorothy Grady's address was 2141 East Routt Avenue, Pueblo, Colorado. Andrew also stated in the affidavit that he personally knew the Gradys lived at that address and that on four separate occasions search warrants were executed by members of the Pueblo Police Department for marijuana located at the Gradys' address. When the four search warrants were executed, marijuana was seized by law enforcement officers at the Grady residence. At the suppression hearing, Andrew testified that the information relating to the execution of the four search warrants was obtained by Andrew's review of police records.

The affidavit included the following information relating to the informant's prior performance as a confidential informant: Andrew had known the informant for approximately eight years; had dealt with him as a confidential informant for approximately three years; and the informant had always supplied Andrew with reliable and true information concerning drug trafficking. Andrew also testified to these facts at the suppression hearing. Andrew's affidavit then set forth two specific instances where the informant had provided information which led to the arrest and eventual guilty pleas of six individuals.

After drafting the affidavit, Andrew presented it to the county court judge who issued the search warrant authorizing the search of the defendants' residence and garage. Andrew and other officers searched the defendants' residence and garage, and found approximately three pounds of marijuana along with scales, marijuana seeds, marijuana cigarettes, and marijuana smoking pipes. Approximately two pounds of marijuana were found in the defendants' garage. At that time, Jerry Grady volunteered without being questioned: "That's not my dope. It's somebody else's."

The defendants then were arrested and a felony complaint was filed for possession of eight ounces or more of marijuana, section 18–18–106(4)(b), 8 C.R.S. (1985), and possession of marijuana with the intent to distribute, section 18–18–106(8)(b), 8 C.R.S. (1985). The defendants filed a motion to suppress, alleging, *inter alia,* that the search warrant was defective since the supporting affidavit did not meet the standard of probable cause necessary to justify the issuance of the warrant.

At a suppression hearing held on September 19, 1986, both Detective Andrew and the informant testified. Andrew testified that the week prior to the issuance of the search warrant he had several telephone conversations with the informant. The informant told Andrew he was living with Jerry and Dorothy Grady, the Gradys were still selling marijuana, and Jerry Grady would soon be receiving a shipment of

marijuana. On October 20, 1985, the informant called Andrew and told him Jerry Grady had received his shipment of marijuana.

Andrew also testified that the informant told him the marijuana was packaged in quarter-pound packages: Jerry Grady was selling quarter-pound packages; Dorothy Grady was selling smaller amounts. The informant told Andrew that the marijuana was being stored in a small house behind the main residence. A short time later, the informant again called Andrew, indicating that the marijuana had been moved to a garage behind the residence located at 2141 East Routt. The informant told Andrew the money the Gradys were receiving from selling the marijuana was being kept, along with small amounts of marijuana, in Dorothy Grady's bedroom. According to the informant, the Gradys were selling the marijuana to individuals who came to the residence. The informant told Andrew he had observed marijuana at the Gradys' residence.

At the conclusion of the suppression hearing, the defendants were ordered to file briefs with the court within ten days. The Deputy District Attorney was ordered to file an answer brief ten days thereafter. The defendants were given an additional five days to submit a reply brief. The defendants filed their briefs in a timely fashion, but after several court-initiated extensions, the prosecution failed to submit a brief.

In an order dated April 30, 1987, the trial court concluded that the prosecution's failure to submit a brief constituted a confession of the motions to suppress filed by the defendants. The court also found that because the affidavit incorrectly stated that both Jerry and Dorothy Grady were in possession of approximately three pounds of marijuana, the statement was false and incorrect, and must be stricken under *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Since the statement relating to who possessed the marijuana was stricken, the affidavit no

longer established probable cause, thus rendering the search warrant invalid. The trial court also found the facts included in the affidavit relating to Dorothy Grady to be stale and struck them from the affidavit. Consequently, the court suppressed evidence seized from the home and garage of the defendants and also suppressed Jerry Grady's statement: "That's not my dope. It's somebody else's."

## II.

### A.

■ The prosecution asserts that the affidavit in support of the search warrant established probable cause to believe that marijuana was being stored at the defendants' residence. The fourth amendment of the United States Constitution and article 2, section 7 of the Colorado Constitution provide that no warrant shall issue without probable cause. Prior to 1983, a two-prong test had to be met before a warrant could issue on the basis of information obtained from an informant: (1) there had to be a sufficient showing of the basis of the knowledge claimed by the informer; and (2) sufficient facts were required to establish the veracity of the informer or the reliability of the informer's information in a given case. *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). In *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), however, the Court rejected the two-pronged test and "reaffirm[ed] the-totality-of-the-circumstances analysis that traditionally has informed probable cause determinations." *Id.* at 238, 103 S.Ct. at 2332. We adopted the *Gates* totality of the circumstances test in *People v. Pannebaker,* 714 P.2d 904, 907 (Colo.1986), when we stated:

the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that con-

traband or evidence of a crime will be found in a particular place.

In applying the totality of the circumstances test, reliability, veracity, and basis of knowledge are still important factors to be considered, *People v. Lubben*, 739 P.2d 833, 835 (Colo.1987) (citing *Pannebaker*, 714 P.2d at 909 (Lohr, J., specially concurring)), but they are intertwined so that a weakness in one factor may be compensated for by the strength of another, *id.* (citing *Gates*, 462 U.S. at 238, 103 S.Ct. at 2332).

■ "An affidavit for a search warrant establishes probable cause if it alleges sufficient facts for a person of reasonable caution to believe that contraband or material evidence of criminal activity will be found in the place to be searched." *People v. Rayford*, 725 P.2d 1142, 1148 (Colo.1986); *see Pannebaker*, 714 P.2d at 907. The affidavit in this case contained facts establishing that the informant was aware of the exact location of the marijuana and of the money purportedly gained from the sale of marijuana by the defendants. He had personally viewed the marijuana within twenty-four hours of the issuance of the affidavit and knew how it was packaged. *See People v. Conwell*, 649 P.2d 1099, 1101 (Colo.1982) (informant saw items reportedly taken in a burglary and knew where they were located); *United States v. Schmidt*, 662 F.2d 498, 502 (8th Cir.1981) (personal observation of marijuana on premises within past seventy-two hours). The affidavit stated that the informant had been involved with marijuana for several years and was familiar with the appearance of marijuana and the method of packaging it for sale. *See United States v. Skramstad*, 649 F.2d 1259, 1263 (8th Cir.1981) (informant's experience with narcotics investigation provided him basis for identifying marijuana); *United States v. Carter*, 498 F.2d 83, 85 (D.C.Cir.1974) (informer had "previously demonstrated familiarity with the illicit narcotics trade"). These admissions against penal interest serve to bolster the reliability of the information provided by the informant. *Lubben*, 739 P.2d at 835. At the suppression hearing, the informant testified that he had been living with the Gradys for a week to ten days prior to the issuance of the search warrant and that he had frequently witnessed Jerry and Dorothy Grady selling marijuana.

In applying the totality of the circumstances test, we have previously stressed the importance of corroboration of the details of an informant's tip by independent police work. *Pannebaker*, 714 P.2d at 907 (citing *Gates*, 462 U.S. at 241–46, 103 S.Ct. at 2333–36). Here, the affidavit contained facts demonstrating that Detective Andrew's independent investigation corroborated the information provided by the informant. Andrew indicated that according to the records of the Pueblo Police Department, Jerry and Dorothy Grady resided at 2141 East Routt Avenue, Pueblo, Colorado. Andrew stated he personally knew the Gradys and knew that they lived at 2141 East Routt Avenue. He further indicated that on four separate occasions from 1978 through 1984, search warrants were executed by members of the Pueblo Police Department for the residence at 2141 East Routt Avenue, which was occupied by Jerry and Dorothy Grady. On each of these occasions marijuana was seized by law enforcement officers. Detective Andrew's personal knowledge of the defendants and his findings relating to their past involvement with drugs provides strong corroboration of the information provided by the informant.

The trial court, however, found the affidavit to be distorted by the following discrepancies and omissions: (1) both Dorothy and Jerry Grady were in possession of approximately three pounds of marijuana; (2) Detective Andrew failed to disclose to the issuing magistrate that the informant had actively participated in major drug transactions; (3) Detective Andrew failed to disclose to the issuing magistrate that the informant had been and still is a paid informant who provides information to various law enforcement agencies; and (4) he failed

to disclose to the judge that the informant had provided information numerous times but such information resulted in convictions in only two cases. Relying upon *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the trial court struck portions of the affidavit as "false and incorrect statements."

According to Andrew's affidavit, the informant observed both Dorothy and Jerry Grady in possession of approximately three pounds of marijuana. At the suppression hearing, Andrew testified that the informant told him that both Dorothy and Jerry Grady possessed the marijuana. The informant, however, testified that he told Andrew he only saw Jerry Grady in possession of the three pounds of marijuana and Dorothy Grady with a quarter ounce. At the suppression hearing, the following exchange transpired between the informant and Dorothy Grady's attorney:

Q: Did you tell Detective Andrew on that date, October 20, 1985, that you saw Dorothy Grady in possession of approximately three pounds of marijuana?

A: I said I saw [Jerry Grady] in possession of three pounds of marijuana.

Q: Okay. You never said you saw Dorothy Grady in possession of three pounds of marijuana?

A: I never [saw] Dorothy in possession of more than a quarter of an ounce.

We have previously held that "[a]ny statement included in an affidavit for a search warrant known to the affiant to be false, inaccurate or misleading must be stricken and cannot be considered in determining whether the substance of the affidavit justified the issuance of a search warrant." *People v. Unruh*, 713 P.2d 370, 380 (Colo.) (quoting *People v. Ellis*, 189 Colo. 242, 245, 539 P.2d 132, 135 (1975)), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2894, 90 L.Ed.2d 981 (1986). The record does not support a finding that the discrepancy between the statements of the informant and the affiant was an attempt to deliberately include false, inaccurate or misleading information in the affidavit. However, even if Andrew knew his statement relating to the relative quantities of marijuana possessed by the co-defendants was false or misleading, the appropriate sanction would be to strike the statement from the affidavit. The affidavit stated that the informant "observed ... two (2) parties known to [him] as Dorothy and Jerry Grady in possession of approximately three (3) pounds of marijuana." Were we to strike the references to Dorothy Grady, the affidavit nevertheless contains sufficient information to establish probable cause to search the Grady premises.

**B.**

The trial court also concluded that the affiant's failure to disclose several matters regarding the informant's history was a ground for invalidating the search warrant. In *People v. Winden*, 689 P.2d 578 (Colo.1984), we stated "in some circumstances statements of officer-affiants may be so misleading because of the omission of material facts known to the affiant at the time the affidavit was executed that a finding of probable cause based on such statements may be deemed erroneous." *Id.* at 583 (citations omitted). A fact is material only if its omission rendered the affidavit substantially misleading to the judge who issued the warrant. *Unruh*, 713 P.2d at 381 (quoting *Winden*, 689 P.2d at 583). "[O]mission of facts relative to a statement in an affidavit should require striking the statement only if the statement is substantially misleading without the missing facts." *Unruh*, 713 P.2d at 381. In the affidavit, Detective Andrew stated that he knew the informant for approximately eight years and had dealt with him as a confidential informant for approximately three years. During those three years, the information provided by the informant relating to drug trafficking was always reliable and truthful. Andrew, in our view, neither understated nor overstated his relationship with and knowledge of the informant. Since the missing facts did not ren-

der the affidavit misleading, the search warrant should not have been invalidated for containing insufficient facts.

### C.

■ The trial court also found that the statement that the informant had observed Dorothy Grady selling marijuana was not related to any time sequence in the affidavit[*] and that her alleged sale of marijuana was not related to the three pounds of marijuana for which the search was conducted. The court accordingly concluded that the statement that Dorothy Grady kept marijuana and money in her bedroom was stale and therefore must be stricken from the affidavit. We disagree with the court's conclusion.

Absent the statement that Dorothy Grady was in possession of three pounds of marijuana, the affidavit establishes she was involved in the sale of marijuana and kept marijuana and the money from the sale of the marijuana in her bedroom. The nature of these activities indicate Dorothy Grady was involved in a continuing course of events that occurred during the ten days prior to the issuance of the search warrant while the informant was staying at the defendants' home. On October 20, 1985, the police had sufficient evidence to establish probable cause. The nature and timing of the events described in the affidavit support the conclusion that seizable objects were located in the Grady premises on October 21. Accordingly, the affidavit was not predicated on stale information. *See People v. Hearty*, 644 P.2d 302, 310–11 (Colo.1982); *People v. Ball*, 639 P.2d 1078, 1083 (Colo.1982).

■ The affidavit in this case satisfies the totality of the circumstances test and establishes probable cause for issuance of the search warrant. *People v. Lubben*, 739 P.2d 833 (Colo.1987).

### III.

■ The prosecution also asserts that the trial court erred in suppressing Jerry Grady's statement: "That's not my dope. It's somebody else's." At the motion to suppress hearing, Andrew testified that the statement was made by Jerry Grady when the police officers were retrieving the marijuana from the garage. The statement, however, was not related to any questions by Andrew or any other police officer.

"The *Miranda* safeguards provide an accused protection against compelled self-incrimination which is the result of custodial interrogation." *People v. Pierson*, 670 P.2d 770, 774 (Colo.1983). Interrogation has been defined as either "express questioning or its functional equivalent." *Id.* (citing *Rhode Island v. Innis*, 446 U.S. 291, 300–01, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980)). Jerry Grady's volunteered statement was not prompted by the questions or actions of the police and was admissible.

Since the affidavit in support of the search warrant was valid, the evidence should not have been suppressed under the fruit of the poisonous tree doctrine. *Cf. People v. Meyer*, 628 P.2d 103 (Colo.1981). We therefore reverse the suppression of Jerry Grady's statement.

### IV.

■ The trial court concluded that the prosecution's failure to file an answer brief amounted to a confession of the defendants' motions to suppress. At a motions hearing on September 19, 1986, the trial judge set a timetable for submitting briefs. The defendants submitted their briefs on September 29 and September 30, 1986. Although the prosecution originally was given ten days from receipt of the defendants' briefs to file an answer brief, the record indicates that a series of formal and informal extensions were granted by the trial judge. While the record is somewhat ambiguous, it strongly suggests that the prosecution was expected to submit a brief no later than March 16, 1987. Thus, approximately six weeks passed between March 16 and April 30, 1987, when the trial court entered its order.

The trial court's conclusion that the prosecution had confessed the defendants' motions to suppress, given the nature of the prosecution's evidence, was tantamount to dismissing the charges against the defendants. In *People v. Carino,* 193 Colo. 412, 414, 566 P.2d 1061, 1063 (1977), we stated: "A trial judge's authority to dismiss a criminal charge on his own motion prior to trial, except as expressly authorized by statute or rule, is narrowly limited." *See also People v. Dennis,* 164 Colo. 163, 433 P.2d 339 (1967). In this case, neither of the defendants raised the issue of the prosecutor's delay and the trial court cited no statute or rule as a basis for its decision. In fact, the decision to grant the defendants' motions to suppress was premised more on the merits of the argument than on the neglect of the prosecution. Dismissal of charges "is a drastic remedy to be reserved for situations where no other sanction will attain the proper result." *People v. Holloway,* 649 P.2d 318, 320 (Colo.1982). While the prosecution's conduct in this case was not a model of prosecutorial assistance to the court, the rules of criminal procedure do not permit a court to grant a motion to suppress under the circumstances presented in this case.

Accordingly, we reverse the district court's order and remand the case with directions to reinstate the charges.