Mr. Justice Hodges
delivered the opinion of the Court.
This is an interlocutory appeal brought by the People for review of a trial court ruling which suppressed certain evidence seized pursuant to a search incident to the warrantless arrest of defendant Ronald Barnes. We affirm the trial court ruling.
The defendant was charged with possession of marijuana which was found as the result of the search of his person. In his motion to suppress this marijuana as evidence, the defendant contends that his arrest was without probable cause and therefore the search incident thereto was invalid.
The trial court after hearing granted the motion to suppress on the finding that the arresting police officer would have had to speculate as to what crime, if any, the defendant was committing in the officer’s presence.
On behalf of the People, the district attorney contends that the trial court erroneously granted this motion to suppress. It is claimed by the district attorney that the evidence presented at the hearing established, as a matter of law, that the police officer had probable cause to arrest the defendant. The premise for this contention is that the arresting police officer testified that he smelled the odor of marijuana on the defendant, noted that the defendant’s eyes had a glassy appearance and had observed that the defendant’s “gait was unnatural.” These observations were made in an outdoors parking lot area adjacent to the Red Rocks Theater near Denver.
In our view, it cannot be said, as a matter of law, that even though the above itemized observations by a police officer might, in certain circumstances, be an adequate basis for a finding that probable cause existed for a defendant’s arrest, the trial judge is not, as a matter of law, required to ascribe great weight to every item of testimony and every conclusion of a witness. It is fundamental that the trial court, as the judge of the *533 facts, can give whatever weight it wishes to such testimony.
From the record in this case, it appears obvious to us that the trial court carefully appraised the evidence before it and made a ruling which was clearly within its prerogative. The evidence before the trial court in this case is not of that quality or character which would justify this court in holding that its legal sufficiency precludes the trial judge from granting this suppression motion.
Ruling affirmed.