No. 24214.

PATTON E. COWDIN *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(491 P.2d 569)

Decided December 13, 1971.

EDWARD H. SHERMAN, Public Defender in and for the City and County of Denver, WILLIAM J. CHISHOLM, Public Defender in and for the City and County of Denver, STEPHEN C. RENCH, Assistant, RANDOLPH M. KARSH, Deputy, ISAAC MELLMAN, Special Assistant, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, E. RONALD BEEKS, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

PLAINTIFF in error, Patton E. Cowdin, referred to here as defendant, was convicted by a jury of the crime of possession of a narcotic drug, namely, cannabis.

Private counsel represented the defendant in the trial court. On appeal he is represented by the Public Defender.

In his brief, the Public Defender urges two grounds for reversal:

1. That the trial court erred in denying his pre-trial motion to suppress the evidence.

2. That the trial court erred in giving the instruction on circumstantial evidence because the prosecution did not rely on such evidence.

Because we agree with the defendant's contention in reference to the error of the trial court in denying the motion to suppress, we do not reach the second argument. Defendant was arrested in Denver on January 10, 1968, at approximately 1:00 a.m. The officers had no search warrant. The question to be determined is whether they had probable cause to arrest defendant and to search him and the automobile in which he was riding.

The arresting officers were on a surveillance in the 1400 block on York Street. A car circled through a private parking lot on one side of the street and came back through another parking lot on the other side of the street to which the officers had walked. The car came through the lot at a "pretty high rate of speed," forcing the officers to take evasive action to avoid being hit. However, the officers indicated that they did not believe that the driver had seen them or that he had intentionally tried to hit them The officers got into their police car and started pursuit. When the officers caught up with the car in the fourteen or fifteen hundred block of Josephine Street, they turned on their red spotlight. The pursued car did not immediately stop, but continued north to the sixteen hundred block before stopping.

Defendant, who was a passenger in the right front seat of the pursued car, looked around at the officers' car and then appeared to be moving things around in the car. It also appeared to the officers that the defendant put something under the seat. One of the officers testified

that he knew the defendant and recognized him when he first turned around during the pursuit. This officer had arrested him on one other occasion for possession of cannabis and had personal knowledge of one other arrest of the defendant for a similar offense. However, the officers' testimony failed to disclose any knowledge of prosecutions or convictions following these arrests. The officers testified that their reason for stopping the car was the violation of traffic ordinances by the driver of the car. It is clear that they did not make the stop on the basis of any knowledge, or probable cause to believe, that the defendant was violating the narcotic drug act. After the car was stopped, the defendant and the driver got out of the car; the defendant and driver were personally searched. It appears that while the occupants were being searched by two of the officers, the third seized a leather pouch from under the front seat where defendant had been sitting. The pouch contained hashish. No contraband was found on the person of the defendant.

The trial court, after hearing the testimony in an in-camera hearing, ruled that the evidence had been seized in a search incident to an arrest and therefore could be admitted into evidence. However, United States Supreme Court rulings compel us to reverse.

■ Initially, we should note that the United States Supreme Court has many times considered the circumstances which will permit a warrantless search of an automobile. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564; *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419; *Dyke v. Taylor Implement Mfg. Co.*, 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538; *Cooper v. California*, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730; *Preston v. United States*, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777; *Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543. *Coolidge, Chambers* and *Dyke* were all decided after the arrest in this case, however, these three cases discuss and

apply the law as it was set forth in the earlier cases. Their applicability to this case is not in question. From *Dyke, supra,* the following language is particularly pertinent:

"Automobiles, because of their mobility, may be searched without a warrant upon facts not justifying a warrantless search of a residence or office. *Brinegar v. United States, [supra]; Carroll v. United States, [supra]. The cases so holding have, however, always insisted that the officers conducting the search have 'reasonable or probable cause' to believe that they will find the instrumentality of a crime or evidence pertaining to a crime before they begin their warrantless search."* (Emphasis added.)

In the search that gave rise to the instant prosecution, probable cause was lacking. As we read the cases, in reality three searches took place. Two of these may have been valid; the third, however, is invalid.

■ Initially, the police conducted a search premised on the exigencies of a highway arrest. The police observed careless or reckless driving, which gave probable cause for a warrantless arrest. The fact that the arrest took place while the defendant and his friend were riding in an automobile, created a special (or "exigent") circumstance which permitted the police to search for instrumentalities or evidence of the crime for which they had probable cause to arrest. After the police had observed and obtained identifying information from the license plates, the make and serial number of the car, and the driver's license and automobile registration certificate, the constitutional limits of this search were exhausted.

Secondly, in light of the fact that police officers must always make arrests under a shadow of uncertainty as to the risk which they are taking, the police officers here were justified in making a "pat-down" search for weapons and to forestall assault or escape. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1912, 20 L.Ed.2d 917. In the instant

case, the defendant and the driver were out of the car at the time they were searched. At this juncture the police were amply equipped to prevent the arrestees' return to the car for weapons or escape.

 Under *United States v. Rabinowitz,* 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653, the controlling United States Supreme Court case at the time of Cowdin's arrest, the police were also entitled in the course of a search incident to an arrest to search for evidence or fruits of the crime *for which there existed probable cause to arrest.* As we have seen, the search for evidence in a reckless driving case is very limited. *Rabinowitz* does not authorize a search beyond the scope of the offense for which probable cause existed. Rather, the *Rabinowitz* court in distinguishing *Go-Bart Co. v. United States,* 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374; and *United States v. Lefkowitz,* 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877, said: "Those cases condemned general exploratory searches, which cannot be undertaken by officers with or without a warrant. In the instant case the search was not general or exploratory for whatever might be turned up. *Specificity was the mark of the search and seizure here.* There was probable cause to believe that respondent [arrested for sale of forged stamps] was conducting his business illegally [and possessed forged stamps.]" (Emphasis added.)
*Rabinowitz* does not support the general search in this case where probable cause extended only to reckless driving.

 It is apparent, then, that although both the arrest and the special circumstances surrounding the use of the car could and did authorize some warrantless search, the instant search of the interior of the car was not authorized under the circumstances of this case.

The People seek to bolster their case here by pointing to the totality of the circumstances, to the "furtive gesture" and to Cowdin's prior narcotics arrest. The exigency of the mobility of the car might, indeed, relieve

the state of the warrant requirement if these circumstances added up to probable cause. In our opinion, the reasons advanced by the People do not add up to probable cause as to possession of narcotics under the circumstances developed by the testimony of the officers.

First, we do not perceive a "furtive" gesture, absent prior underlying information which would form a basis for probable cause to believe the defendant possessed narcotics, as being a proper standard.

■ Second, a prior record of arrest, in and of itself, cannot justify repeated intrusions on Fourth and Fourteenth Amendment rights. To so hold would be to say that a prior unjustified arrest would support a subsequent arrest and search.

■ Third, it is unsound to suggest that a mere traffic violation authorizes a general suspicion of unrelated criminal activity. Traffic offenses cannot justify general, exploratory searches of motor vehicles. *Rabinowitz, supra; cf. Amador-Gonzalez v. United States,* 391 F.2d 308; *Anno., Lawfulness of Search of Motor Vehicles Following Arrest for Traffic Violations,* 10 A.L.R.3d 314.

Finally, taken as a whole, the combined circumstances of the gesture, the prior arrests, and the traffic violation by defendant's companion, do not constitute probable cause to believe that any specifiable offense other than reckless driving had been committed.

■ The People have placed particular reliance upon *Roybal v. People,* 166 Colo. 541, 444 P.2d 875. We recognize that there are several points of similarity in the facts, but we hasten to point out that there are also points of difference. As has been repeatedly noted in search and seizure decisions, each case must be decided upon its own particular circumstances. *United States v. Rabinowitz, supra. Roybal* must be limited to the peculiar circumstances there existing. In fact, in view of the intervening decision of *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, there is grave doubt that *Roybal* is now valid. In any event, recent supreme court opinions

make it clear that the rule here enunciated is the one which must be followed.

The judgment is reversed.

WILLIAM B. NAUGLE and HOWARD E. PURDY, District Judges,* participating.

MR. JUSTICE DAY and MR. JUSTICE HODGES not participating.

*District Judges sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.