MR. JUSTICE HODGES
delivered the opinion of the Court.
This is an interlocutory appeal. Pending trial on a charge of burglary, defendant Trujillo filed a motion for suppression of physical evidence obtained from searches made after defendant’s arrest without a warrant. After a hearing, the trial court granted the motion. The district attorney on behalf of the People appeal. We affirm the trial court’s ruling.
The defendant was arrested on the basis of an informant’s tip. According to Police Officer Koncilja’s testimony, an informant called him to state that “within the past few minutes” he saw a portable T.V. color set in the trunk of a 1967 white Pontiac sedan. The driver of the sedan, one Frank *430 Perez, and the defendant, allegedly told the informant that the T.V. set had just been “scored,” and they offered to sell it to the informant. Testimony by the police officer indicates that in criminal parlance “scored” means stolen. As to the informant’s reliability, it was testified that on six previous occasions that informant furnished information upon which convictions were predicated.
Within thirty minutes, the officer observed the white sedan which was owned and being driven by Perez. The defendant was a passenger. Both were arrested without a warrant and a subsequent search of the trunk disclosed not a portable but a floor model color T.V. set with 4 to 6 inch legs. It was later reported to the police that such a T.V. set had been stolen.
At the police station when the defendant was about to be searched, he raised one leg of his pants and a small gun was noted in the top of his boots. The gun was seized. It appears that this gun is the critical item of evidence in support of the burglary charge against the defendant.
The district attorney contends that probable cause for the defendant’s warrantless arrest was established; that the search and seizures were incident to this arrest; and that therefore the trial court’s suppression of the evidence was erroneous. In this regard, the district attorney maintains that the People’s evidence regarding the reliability of the informant and the underlying circumstances in support of the informant’s information fulfilled the requirements of Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); and People v. Brethauer, 174 Colo. 29, 482 P.2d 369 (1971).
The trial court in granting the motion to suppress found that probable cause for arrest without a warrant was not shown and therefore, the subsequent search and seizures were invalid. It seems rather obvious from the trial judge’s findings that he may not have given full credence to all the testimony pertaining to the informant’s tip. It is also noted that there was conflicting evidence as to several critical points regarding the informant’s information. Under these circum *431 stances, the prerogative for deciding whether or not probable cause was established is within the domain of the trial judge. Absent a showing of abuse of this prerogative, this court will not overturn the trial court’s ruling. To state it another way, the evidence before the trial court in this case is not of that quality or character which would justify this court in holding that its legal sufficiency precludes the trial judge from granting this suppression motion. People v. Barnes, 174 Colo. 531, 484 P.2d 1233; People v. Williams, 172 Colo. 434, 473 P.2d 982; and People v. Kelley, 172 Colo. 39, 470 P.2d 32. See also Broncucia v. McGee, 173 Colo. 22, 475 P.2d 336.
Ruling affirmed.
MR. JUSTICE KELLEY and MR. JUSTICE LEE not participating.