No. 25833

The People of the State of Colorado v. Ernest A. Vialpando
(514 P.2d 622)

Decided October 1, 1973.

20

John P. Moore, Attorney General, John E. Bush, Deputy, Aurel M. Kelly, Assistant, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant was convicted of possession of marijuana. The Attorney General has confessed error. We agree with the Attorney General and reverse.

The only witness for the People was Officer Rennert of the Denver Police Department. He testified along the following lines. While patrolling in a police car with Officer Gimeno, they stopped a car for speeding. The

defendant was a passenger in the car. The police car stopped behind the other car. As Rennert and Gimeno emerged from their car, Rennert noticed that the defendant "leaned forward and seemed to lean towards the right a little bit, apparently grasping something on the floor." Then Gimeno yelled, "look out, he's swallowing something . . . ." Gimeno ran to the other car, pulled the defendant out and by forceful means extracted from his mouth two marijuana cigarettes wrapped in tissue.

No further probable cause for the warrantless search was shown.

Prior to trial the court denied a motion to suppress the introduction of the marijuana in evidence, and on trial there was testimony as to the drug. Following trial the defendant moved for judgment of acquittal or in the alternative for a new trial. These motions were denied.

*Cowdin v. People,* 176 Colo. 466, 491 P.2d 569 (1971), is determinative here. We have the alternative either of overruling it or reversing in the instant case. We do not choose to overrule it.

In *Cowdin,* police officers stopped a car for speeding. The defendant there, who was a passenger, looked around at the officers' car and then appeared to be moving things around in the car. It also appeared to the officer that the defendant put something under the seat. One of the officers testified that he knew the defendant and recognized him when he first turned around during the pursuit. This officer had arrested him on one other occasion for possession of cannabis and had personal knowledge of one other arrest of the defendant for a similar offense. The officers' testimony failed to disclose any knowledge of prosecutions or convictions following these arrests. It was held that there was not probable cause for the warrantless search, and the conviction for possession of marijuana was reversed.

As stated in *Cowdin* a mere traffic violation does not authorize a suspicion of an unrelated criminal activity. In both cases there was the "furtive gesture." The other factors supporting the officers' conclusion to make the search in

*Cowdin* are not present here. The motion to suppress should have been granted.

The judgment is reversed and the cause remanded with directions to grant the defendant's motion for a new trial.