No. 26831

**The People of the State of Colorado v. Craig Thomas Clyne**

(541 P.2d 71)

Decided October 6, 1975.

Stuart A. VanMeveren, District Attorney, Loren B. Schall, Assistant, Francis H. Oldham, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas H. Moore, Deputy, Douglas D. Piersel, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an interlocutory appeal by the People from a trial court order suppressing evidence of marijuana seized during a search incident to an allegedly lawful arrest for hitchhiking. For the reasons hereinafter stated, we affirm.

On September 2, 1974, at approximately 4 p.m., Officer Frerkes of the Loveland Police Department observed the defendant hitchhiking in the City of Loveland. The defendant was holding a backpack. The Municipal Code of the City of Loveland had adopted by reference the Model Traffic Code for Colorado Municipalities, which prohibited hitchhiking.[1]

Frerkes confronted the defendant because of his apparent illegal activity. He asked for identification, which the defendant furnished. According to the officer, he then placed the defendant under arrest. Upon the order of Frerkes, the defendant placed his hands against the police car so that the officer could search his person for weapons. The location of the backpack during the search was unclear, although the officer recalled that it was either on the ground near the defendant or on the hood of the patrol car.

After searching the defendant's person without discovering a weapon or contraband, the officer began to search the backpack. Upon looking inside of the pack, the officer saw a white paper bag near the top of the pack which had a greenish debris filtering through a small hole in the side of the bag. Frerkes suspected that the substance was marijuana, and placed the defendant under arrest for illegal possession of marijuana. The defendant was advised of his rights, handcuffed, placed in the patrol car, and, along with his backpack, transported to the police headquarters for booking.

With the consent of the parties, the trial court conducted a combined preliminary hearing and suppression hearing. At the close of the evidence, which consisted solely of the testimony of Officer Frerkes, the trial court ordered the marijuana evidence suppressed, finding that the officer had no probable cause to search the backpack.

The issue before this court is the permissible scope of a warrantless search incident to a lawful noncustodial arrest for a minor traffic violation.

In *People v. Valdez*, 182 Colo. 80, 511 P.2d 472 (1973), and *Cowdin v. People*, 176 Colo. 466, 491 P.2d 569 (1971), we held that the scope of a search incident to an arrest for a minor traffic violation or for a minor municipal offense would be limited to a protective pat-down search

---

[1]The Model Traffic Code, section 17-7(c).

for weapons where the officer formed a reasonable belief under the circumstances that the arrestee was armed and dangerous. *See also People v. Superior Court*, 7 Cal.3d 186, 101 Cal. Rptr. 837, 496 P.2d 1205 (1971); *People v. Marsh*, 20 N.Y.2d 98, 281 N.Y.S.2d 789, 228 N.E.2d 783 (1967). Subsequent to our decisions, the United States Supreme Court decided *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973), and *Gustafson v. Florida*, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973), holding that a lawful custodial arrest for a traffic violation justifies a full search incident to that arrest. The People argue that *Robinson* and *Gustafson* are controlling in this case, and that the search of the defendant's person and backpack, which was allegedly within his control at the time of the body search, was justified as a search incident to a lawful custodial arrest for hitchhiking. We do not believe that the evidence in the record here justified a custodial arrest. We hold that *Robinson* and *Gustafson* do not affect our holdings in *Valdez* and *Cowdin. See People v. Brisendine*, 13 Cal.3d 528, 119 Cal. Rptr. 315, 531 P.2d 1099 (1975).

The notion of the per se reasonableness of a search incident to a lawful custodial arrest in *Robinson* and *Gustafson* is premised on the custodial nature of the arrest: "[A]n individual lawfully subjected to a custodial arrest retains no significant Fourth Amendment interest in the privacy of his person." *United States v. Robinson, supra.* (Powell, J., concurring.)

■ Against this backdrop, it is interesting to note the modern policy against custodial arrests and favoring the issuance of citations and summonses. *ABA, Standards Relating to the Administration of Criminal Justice, Compilation*, p. 225 (1974); *A.L.I. A Model Code of Pre-Arraignment Procedure, Proposed Official Draft Complete Text and Commentary* § 120.2, Note and Commentary (April 15, 1975). State legislatures, including Colorado, have given effect to this policy by requiring the issuance of a penalty assessment notice or summons in ordinary traffic violations. Section 42-4-1501 *et seq.*, C.R.S. 1973; see Cal. Vehicle Code, § 40300 *et seq.*

The Municipal Code adopted by the City of Loveland established a penalty scheme for traffic violations substantially identical to the Colorado statutory provisions. It specifically establishes three separate categories in determining whether a custodial or non-custodial arrest is authorized. Under the Code, a custodial arrest and the arrestee's appearance before a magistrate are *mandatory* when:

"(1) . . . a person arrested demands an immediate appearance before a magistrate;

"(2) . . . the person is arrested and charged with an offense under this ordinance causing or contributing to an accident resulting in injury or death to any person;

"(3) . . . the person is arrested upon a charge of driving while under the influence of intoxicating liquor or narcotic drugs;

"(4) . . . the person is arrested upon a charge of failure to stop in the event of an accident causing death, personal injury, or damage to property; or

"(5) . . . the person arrested refuses to accept a penalty assessment notice or refuses to give his written promise to appear in court . . . , or in any event when the provisions of state law prohibit the issuance of a penalty assessment notice." Model Traffic Code § 22-5.

Where it is not *required* that the officer effect a custodial arrest under the above quoted provision, the officer in his discretion *may* make a custodial arrest and take the arrestee before a magistrate in an ordinary traffic violation case only when:

"(1) . . . the person does not furnish satisfactory evidence of identity; or

"(2) . . . the officer has reasonable and probable ground to believe that the person will disregard a written promise to appear in court." Model Traffic Code § 22-6.

The Code provides that in all other cases of arrest for any violation of the Model Code punishable as a misdemeanor the officer

" . . . shall take the name, . . . [and] address, . . . of said person, . . . and such other pertinent information as may be necessary, and shall prepare and issue to him in writing . . . a notice or summons to respond and answer to the charge against him . . . , and shall require said person to execute on the form provided his or her written promise to appear. . . ." Model Traffic Code § 22-9.

■ The evidence at the suppression hearing did not disclose any basis for a mandatory custodial arrest of the defendant under the Code as set out above.

The People also failed to prove that the officer had grounds under the Code to make a custodial arrest as a matter of discretion. The record indicates that the defendant furnished Officer Frerkes with identification upon request. There is no evidence that the defendant refused to sign a written promise to appear or that the officer believed at the time of "arrest" the defendant would disregard a written promise to appear in court. Therefore, under the provisions of the Code, Officer Frerkes was authorized *only* to detain the defendant, issue a summons ordering him to appear in court at a time and place certain, require the defendant to sign the written promise to appear in court at the time and place stated in the summons, and then to release him.

We find it unnecessary to consider the constitutionality of a custodial arrest for a minor traffic violation under the Fourth Amendment as an unreasonable seizure of the defendant's person. *See Gustafson v. Florida, supra.* (Stewart, J., concurring.) We determine that a custodial arrest for a hitchhiking violation under the record here was not authorized and was therefore unlawful. *Gonzales v. People*, 156 Colo. 252, 398 P.2d 236 (1965).

Applying *Valdez* and *Cowdin* in determining the reasonableness of the search in this case, it is clear that the record is silent on the question of Officer Frerkes' belief that the defendant was armed and dangerous. And, even if such a belief existed, the record does not indicate that the officer could point to *specific and articulable facts* which would lead him to reasonably believe that the arrestee was armed and dangerous. *See, e.g., People v. Superior Court*, 273 Cal.App.2d 459, 78 Cal. Rptr. 153 (1969).

The ruling is affirmed.