## No. 26875

## The People of the State of Colorado v. Gregory William Huffman

(541 P.2d 1250)

Decided November 3, 1975.

Robert L. Russel, District Attorney, David H. Zook, Deputy, for plaintiff-appellant.

James C. Wollrab, Jr., P.C., for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

This is an interlocutory appeal by the People from an order of the trial court suppressing evidence obtained from a warrantless search of defendant's automobile and a grocery bag obtained from the automobile. The trial court found that there was insufficient evidence of probable cause to sustain the search and seizure, and that the defendant did not voluntarily and intelligently consent to the search. We affirm the trial court's ruling.

## I.

The arresting officer testified to the following facts concerning the search of the defendant's car and his subsequent arrest. On the night of January 6, 1975, the officer stopped the defendant for running a red light. When the officer approached the vehicle, the defendant rolled down his window. The officer then observed smoke coming out of the window and thought it smelled like marijuana smoke. On cross-examination, he stated that he would not have arrested the defendant based on this "smell" under these facts. The officer then observed a brown paper grocery bag on the right front floorboard of the car. After the defendant produced his car registration, the officer requested that he step out of the car, at which time he frisked him for weapons. Thereafter, the officer asked him what was in the grocery bag, to which the defendant answered, "late Christmas presents." The officer then asked him if he could look at the contents and the defendant consented. The officer, in searching the bag, observed what he believed was marijuana. He arrested the defendant. The officer then searched the defendant's car and found in the ashtray four cigarette butts which also appeared to him to be marijuana.

## II.

The officer testified that the defendant was not placed under custodial arrest for the traffic violation. Nothing in his testimony reveals that he suspected the defendant to be armed or dangerous. Under these facts, the search cannot be justified as a search incident to an arrest on this traffic charge. *People v. Clyne,* 189 Colo. 412, 541 P.2d 71. In this case, the establishment of probable cause to search and/or arrest the defendant for possession of marijuana is a prerequisite in support of a warrantless search.

■ Under appropriate circumstances, the definite identification of a distinctive odor as indicating contraband by a qualified person may be sufficient to constitute probable cause for arrest on an illegal possession charge and for a proper search incident to arrest. *Johnson v. United States*, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948); *People v. Vigil*, 175 Colo. 421, 489 P.2d 593 (1971). However, here, the officer's admission that he would not have arrested the defendant based on the odor of the smoke indicated uncertainty on his part as to whether the smoke was from burning marijuana. The officer's testimony as to the evanescence of the odor underscored this uncertainty. Furthermore, a man of reasonable caution would not be justified in assuming that an innocuous grocery bag, like the plain tinfoil wrapper in *People v. Ware*, 174 Colo. 419, 484 P.2d 103 (1971), contained drugs.

The record here fails to disclose evidence of the quality and character necessary to demonstrate that the trial court's findings are not properly supported. Under these circumstances, its findings will not be disturbed. *See People v. Trujillo*, 179 Colo. 428, 500 P.2d 1176 (1972) and *People v. Barnes*, 174 Colo. 531, 484 P.2d 1233 (1971).

### III.

■ On appeal, the People do not rely heavily upon the argument that the search and seizure is valid because the defendant consented to the search. The defendant was ordered out of his car and frisked by a police officer. At this point, he was asked if the police could search the grocery bag. Without warnings and further advice, such a police request could be construed as a demand. The trial court's finding that the People had failed to sustain their burden of showing that the defendant intelligently and voluntarily consented to the exploratory search of his automobile or to the seizure of the brown grocery bag and its contents is therefore supported by this record. *People v. Hancock*, 186 Colo. 30, 525 P.2d 435 (1974).

The ruling of the trial court is affirmed.