The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Robert Michael BISCHOFBERGER, Defendant-Appellee.

No. 85SA424.

Supreme Court of Colorado, En Banc.

Sept. 2, 1986.

Robert R. Gallagher, Jr., Dist. Atty., Catherine P. Adkisson, Chief Deputy Dist. Atty., Littleton, for plaintiff-appellant.

Bruce P. Fierst, P.C., Bruce P. Fierst, Denver, for defendant-appellee.

QUINN, Chief Justice.

The People, pursuant to C.A.R. 4.1, challenge a ruling of the district court suppressing cocaine located in a container seized during a search incident to the arrest of the defendant, Robert Michael Bischofberger. The district court, concluding that the defendant had a reasonable expectation of privacy in the container in which the cocaine was encased, held that the seizure of the cocaine from the defendant's person and the examination of its contents violated the Fourth Amendment to the United States Constitution. We reverse the suppression ruling as based on an incorrect legal standard with respect to the scope of a search incident to a lawful custodial arrest.

I.

On January 27, 1985, Officer James Beuthel of the Aurora Police Department observed the defendant's automobile in the parking lot of a restaurant on South Parker Road in Aurora, Colorado. Officer Beuthel, who knew the defendant personally, had previously been informed by another officer that two warrants for the defendant's arrest had been issued by the Aurora Municipal Court as a result of the defendant's failure to appear on traffic charges. Upon observing the defendant's automobile, Officer Beuthel confirmed by computer check that the arrest warrants were still outstanding. The officer then radioed for assistance, and Officer Craig Piel responded to the scene.

As the defendant was leaving the restaurant and walking to his vehicle, the officers placed him under arrest, handcuffed him, and conducted a search of his person incident to the arrest. In the course of the search, Officer Piel removed a small, light blue cylindrical container, similar in size to a can of Skoal tobacco, from the defendant's shirt pocket and handed it to Officer Beuthel. Upon opening the container, Officer Beuthel saw a white powder inside and asked the defendant if it was cocaine. The defendant stated that it was.[1] The defendant was taken to the station house where he was placed in a holding cell while a field test of the white powder was conducted. The field test was positive for cocaine, and the defendant was subsequently charged with possession of a schedule II controlled substance.[2]

The defendant filed a motion to suppress the cocaine, claiming that the search conducted by the officers exceeded the constitutionally permissible scope of a search incident to a lawful arrest. The district court determined that the officers had probable cause to arrest the defendant as a result of the outstanding arrest warrants, but held that the permissible scope of any search at the scene of the arrest was limited to a pat-down of the defendant's person in order to determine whether he was carrying a weapon. Although the district court was unable to determine whether the officers seized the container as part of a pat-down search, it concluded that the examination of the contents of the container at the scene of the arrest was in the nature of an inventory search and, as such, was violative of the Fourth Amendment to the United States Constitution. The district court accordingly suppressed the cocaine as evidence.

---

1. The district court suppressed the defendant's statement to Officer Beuthel on the basis that the defendant had been placed under arrest and was subjected to a custodial interrogation prior to receiving the *Miranda* advisement. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The People do not challenge this aspect of the court's ruling, and we accordingly express no opinion on it.

2. §§ 12–22–310(1)(a)(V), 5 C.R.S. (1985), and 18–18–105(2)(a)(I), 8 C.R.S. (1985 Supp.).

In urging reversal of the suppression ruling, the People argue that the cocaine was discovered in the course of a search incident to a valid custodial arrest of the defendant.[3] We conclude that the district court applied an unduly restrictive and erroneous standard in ruling that the Fourth Amendment only permitted a pat-down search of the defendant for a weapon, rather than a full search of the defendant's person and the examination of the contents of the container seized from his person as incident to a valid custodial arrest.

## II.

Since the district court expressly based its suppression ruling on the Fourth Amendment to the United States Constitution, the analytical basis for our resolution of this case must be those federal standards relating to a search incident to a lawful custodial arrest.[4] While several prior decisions of this court have construed the Fourth Amendment to limit the scope of a permissible search when a person is subjected to a lawful custodial arrest for a traffic offense or ordinance violation, these holdings are no longer controlling in light of subsequent decisions of the United States Supreme Court.

In *Cowdin v. People*, 176 Colo. 466, 491 P.2d 569 (1971), this court held that an arrest for careless driving did not justify the seizure of a pouch containing marijuana from under the front seat of the defendant's vehicle when no independent circumstances gave rise to probable cause to search the vehicle. Although *Cowdin* was predicated on a construction of the Fourth Amendment, the United States Supreme Court's decision in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), negates the precedential value of that case. In *Belton*, the defendant was initially stopped for driving at an excessive rate of speed, and in the course of the stop the arresting officer smelled burnt marijuana and saw on the floor of the car an envelope marked "Supergold," which term he associated with marijuana. The officer then directed the occupants, including the defendant, to get out of the car and placed them under arrest for unlawful possession of marijuana. After patting down each of the occupants, the officer searched the pas-

---

**3.** The People alternatively argue that the search of the defendant's person and the seizure and examination of the container, even if performed for inventory purposes, was nonetheless a constitutionally valid inventory search prior to taking the defendant to jail. We need not address this particular issue, as there is no dispute in either the evidence or the district court's finding that there was probable cause to arrest the defendant and that the defendant was indeed subjected to a custodial arrest by the officers. The only uncertainty in the court's ruling is whether the container was seized as part of the pat-down search of the defendant or a general search of his person at the scene of the arrest. As we discuss in the opinion, the officers indeed did have the right to conduct a full search of the defendant's person as incident to a lawful custodial arrest and had the further right to seize the container from the defendant's shirt pocket and to examine its contents as incident to the defendant's lawful arrest. This resolution of the case dispenses with any need to address whether the seizure of the container and the examination of its contents were also justified as part of an inventory search prior to incarceration.

**4.** A "custodial arrest," in the traditional sense of that term, refers to a police officer's seizure of a

person for the purpose of taking that person to the stationhouse for booking procedures and the filing of criminal charges. *Terry v. Ohio*, 392 U.S. 1, 16, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889 (1968); *People v. Tottenhoff*, 691 P.2d 340, 343–44 (Colo.1984). To justify such an intrusion into personal security, the arresting officer must have probable cause to believe that the person arrested has committed a criminal offense. *E.g., Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979). In contrast to the traditional "custodial arrest" are those limited forms of intrusion into a person's freedom of movement or personal security that are substantially less intrusive in terms of duration, scope, and purpose, *e.g., Terry*, 392 U.S. at 13, 20, 88 S.Ct. at 1875, 1879; *Dunaway*, 442 U.S. at 209–11, 99 S.Ct. at 2254–55—such as, for example, an investigative stop to make a brief inquiry into suspected illegal activity. Limited intrusions of this type are constitutionally permissible when the officer, although lacking probable cause, nonetheless has a reasonable and articulable basis in fact for suspecting that criminal activity has occurred, is occurring, or is about to take place. *E.g., Adams v. Williams*, 407 U.S. 143, 145–46, 92 S.Ct. 1921, 1922–23, 32 L.Ed.2d 612 (1972); *People v. Lewis*, 659 P.2d 676, 681 (Colo.1983).

senger compartment of the car. During the course of this search the officer unzipped one of the pockets of a black leather jacket found in the back seat of the vehicle and discovered cocaine, which he immediately seized. The Supreme Court concluded that the search of the passenger compartment was a constitutionally valid search incident to a lawful custodial arrest, stating:

> Our reading of the cases suggests the generalization that articles inside the relatively narrow compass of the passenger compartment of an automobile are in fact generally, even if not inevitably, within "the area into which an arrestee might reach in order to grab a weapon or evidentiary ite[m]." In order to establish the workable rule this category of cases requires, we read *Chimel's* [*Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) ] definition of the limits of the area that may be searched in light of that generalization. Accordingly, we hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.
>
> It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach. Such a container may, of course, be searched whether it is open or closed, since the justification for the search is not that the arrestee has no privacy interest in the container, but that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have.

453 U.S. at 460–61, 101 S.Ct. at 2864 (citations omitted).

In *People v. Valdez*, 182 Colo. 80, 511 P.2d 472 (1973), this court, again addressing the issue in the context of the Fourth Amendment, held that the arrest of a suspect for entering a theater without paying an admission fee in violation of a municipal ordinance did not justify the seizure of marijuana flakes from the suspect's shirt pocket. Addressing the validity of the seizure on the explicit premise that the defendant had been subjected to a lawful custodial arrest, the court noted that the instrumentalities or evidence of minor traffic violations or minor municipal ordinance offenses are minimal or nonexistent, in that many persons charged with such minor offenses will not be incarcerated, and then stated:

> We point out again that the evidence seized in this case was *not* discovered in plain view, by a "frisk" of the defendant for assaultive weapons, by a search of the defendant for instrumentalities or evidence of the offense for which he was arrested, by an inventory search, or by a search for evidence or instrumentalities of an offense for which there existed probable cause. Rather, the evidence was seized during a general exploratory search for which no probable cause existed.

182 Colo. at 84, 511 P.2d at 474.

Subsequent to this court's decision in *Valdez*, the United States Supreme Court decided *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973), which clearly abrogated this court's interpretation in *Valdez* of the scope of a constitutionally permissible search of a person incident to a lawful arrest. In *Robinson*, the defendant was subjected to a search of his person incident to an arrest for driving an automobile without an operator's license. In the course of the search, the arresting officer removed a "crumpled cigarette package" from the defendant's pocket, opened it up, and saw inside fourteen gelatin capsules of white powder which the officer believed to be, and later analysis proved to be, heroin. The heroin was admitted at the defendant's trial, which resulted in a conviction. The Court of Appeals reversed, holding that, since there was no further evidence of the crime of driving under a revoked license to be obtained from a search of the defendant's person, the arresting officer was limited to

a search for weapons only. The United States Supreme Court reversed, reasoning that a custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment and that a search of the person of the arrestee incident to the arrest requires no additional justification other than the lawful arrest itself:

> A police officer's determination as to how and where to search the person of a suspect whom he has arrested is necessarily a quick *ad hoc* judgment which the Fourth Amendment does not require to be broken down in each instance into an analysis of each step in the search. The authority to search the person incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend upon what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon the person of the suspect. A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification. It is the fact of the lawful arrest which establishes the authority to search, and we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a "reasonable" search under that Amendment.

> \*    \*    \*    \*    \*    \*

Since it is the fact of custodial arrest which gives rise to the authority to search, it is of no moment that [the officer] did not indicate any subjective fear of the [defendant] or that he did not himself suspect that [the defendant] was armed. Having in the course of a lawful search come upon the crumpled package of cigarettes, [the officer] was entitled to inspect it; and when his inspection revealed the heroin capsules, he was entitled to seize them as "fruits, instrumentalities, or contraband" probative of criminal conduct.

414 U.S. at 235–36, 94 S.Ct. at 476–77 (citations and footnotes omitted); *see also Gustafson v. Florida*, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973) (police officer who stopped defendant for traffic offense and arrested him for driving without an operator's license could constitutionally conduct a full search of defendant's person as a search incident to the arrest, notwithstanding the absence of any independent evidentiary purpose for the search).

Subsequent to *Robinson*, this court decided *People v. Clyne*, 189 Colo. 412, 541 P.2d 71 (1975), which involved the search of the defendant's backpack and the seizure of marijuana from the backpack in the course of the defendant's arrest for hitchhiking, a municipal ordinance violation, when the applicable municipal law did not authorize an arrest but instead required the issuance of a summons for a hitchhiking offense. This court, again discussing the validity of the seizure only in the context of the Fourth Amendment, held that the search of the backpack and the seizure of the marijuana was constitutionally impermissible in the absence of specific and articulable facts leading the officer to reasonably believe that the defendant was armed and dangerous.

■■■ While *Clyne* arguably retains vitality in those instances involving a *temporary detention* of a suspect pending the issuance of a summons for a minor traffic or ordinance violation—an issue which we need not and do not resolve in this case—the fact remains that in the context of the Fourth Amendment the scope of a search incident to a *lawful custodial arrest* is quite broad. The search need not be limited to a mere pat-down of the arrestee's outer clothing, but may extend to pockets and other containers, opened or closed, found on the person of the arrestee or within his immediate reach. *E.g., Belton*, 453 U.S. 454, 101 S.Ct. 2860; *Gustafson*, 414 U.S. 260, 94 S.Ct. 488; *Robinson*, 414 U.S. 218, 94 S.Ct. 467; *People v. Tottenhoff*, 691 P.2d 340 (Colo.1984); *People v. Traubert*, 199 Colo. 322, 608 P.2d 342

(1980).[5] Such a search of the arrestee's person requires no independent justification, and the searching officer may seize and examine weapons, contraband, or other articles which the officer reasonably believes to be related to criminal activity even though these articles do not directly relate to the offense for which the arrest itself was effected. *E.g., Robinson,* 414 U.S. 218, 94 S.Ct. 467; *Tottenhoff,* 691 P.2d 340; *Traubert,* 199 Colo. 322, 608 P.2d 342.

### III.

The aforementioned federal standards relating to a search and seizure incident to a lawful custodial arrest clearly demonstrate that the district court erred in suppressing the cocaine seized from the defendant in the instant case. The district court, in effect, ruled that the police officers were limited to a pat-down search of the defendant for weapons at the scene of the arrest and that, consequently, the seizure of the container from the defendant's shirt pocket and the examination of its contents violated the Fourth Amendment by unconstitutionally intruding into the defendant's reasonable expectation of privacy in the contents of the container. The fundamental flaw in the district court's ruling was the failure to recognize that the outstanding arrest warrants authorized the officers to make a custodial arrest of the defendant, as they did, and to further conduct a full search of the defendant's person incident to that lawful custodial arrest, notwithstanding the absence of a specific evidentiary purpose to believe that the defendant might be carrying on his person contraband or other evidence of criminal activity or that he might be armed. Having come upon a small cylindrical container in the course of a search incident to a lawful custodial arrest, the officers were entitled to examine the contents of the container. When this inspection revealed a white powdery substance similar to cocaine, the officers were entitled to seize the container and its contents as " 'fruits, instrumentalities, or contraband' probative of criminal conduct." *Robinson,* 414 U.S. at 236, 94 S.Ct. at 477. The seizure of the container and the examination of its contents, being incident to the lawful arrest of the defendant, complied with recognized Fourth Amendment standards relating to a search incident to an arrest.

The suppression ruling is accordingly reversed.

---

5. In *People v. Traubert,* 199 Colo. 322, 608 P.2d 342 (1980), this court upheld the validity of a search of the defendant's clothing at the station house, as incident to the defendant's arrest for burglary, and the seizure of several rings and a set of car keys from the defendant's pockets. The court concluded that the United States Supreme Court's decisions in *Robinson* and *Gustafson* authorized the officer as incident to the defendant's custodial arrest to seize all "contraband or articles, the possession of which gives the police officers reason to believe a crime has been committed, even though such articles do not relate to the crime for which the defendant was originally arrested." *Traubert,* 199 Colo. at 327, 608 P.2d at 345, quoting *People v. Ortega,* 181 Colo. 223, 229, 508 P.2d 784, 788 (1973). The court also stated in *Traubert* as follows:

> By our holding we do not intend to cast doubt on the vitality of the line of cases beginning with *Cowdin v. People,* 176 Colo. 466, 491 P.2d 569 (1971), which involve arrests for violations of minor municipal ordinances and routine traffic regulations and limit the scope of searches incident to these type of arrests to a protective pat-down search. *See e.g. People v. Clyne,* 189 Colo. 412, 541 P.2d 71 (1975); *People v. Valdez,* 182 Colo. 80, 511 P.2d 472 (1973).

199 Colo. at 327 n. 2, 608 P.2d at 345 n. 2. As we point out in the text of this opinion, however, *Cowdin* cannot be reconciled with the Supreme Court's decision in *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). *Valdez* is similarly irreconcilable with *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973) and *Gustafson v. Florida,* 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973). Finally, *Clyne,* which affirmed the suppression of marijuana seized from the defendant's backpack based on the fact that "a custodial arrest for a hitchhiking violation under the record here was not authorized and was therefore unlawful," 189 Colo. at 415, 541 P.2d at 73, cannot be read for the proposition that a police officer may only conduct a pat-down search for a weapon, rather than a full search of the suspect's person, when, as here, the officer makes a lawful custodial arrest of the defendant based on probable cause.