The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Steven MEREDITH, Defendant–Appellee.

No. 88SA44.

Supreme Court of Colorado, En Banc.

Oct. 31, 1988.

James F. Smith, Dist. Atty., Steven L. Bernard, Chief Trial Deputy Dist. Atty., Brighton, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Josephine D. Ewing, Deputy State Public Defender, Brighton, for defendant-appellee.

ERICKSON, Justice.

This is an interlocutory appeal by the prosecution pursuant to C.A.R. 4.1 from the trial court's order granting defendant's motion to suppress. The trial court held that a revolver and other evidence seized from an automobile driven by defendant Steven J. Meredith were the fruit of an illegal arrest. We reverse and remand with directions.

On April 17, 1987, police officers observed that the brake lights on a blue hatchback automobile traveling on Colfax Avenue were not working. The officers followed the vehicle for a short distance and then ordered the driver to stop. One officer approached the vehicle and asked the driver for his driver's license and vehicle registration. Defendant, who was driving the blue hatchback, produced a registration card in the name of Steven Meredith. When again asked to produce a driver's license, defendant informed the officer that his name was "David Hoffman" and that the automobile belonged to his friend, Steven Meredith.

The officers could find no record of a driver's license having been issued to a "David Hoffman" with a date of birth matching that provided by defendant. Defendant was then arrested for driving without a license. A search of the vehicle was conducted by the police, who discovered a holstered revolver and a box of ammunition on the rear seat. The police seized the weapon and ammunition as evidence. During a subsequent search of defendant, a driver's license was found bearing both the name "Steven Meredith" and a photograph of defendant.

Since defendant had been previously convicted of a felony, he was charged with possession of a weapon by a previous offender in violation of section 18–12–108, 8B C.R.S. (1986), and unlawfully carrying a concealed weapon, contrary to section 18–12–105, 8B C.R.S. (1986).

Defendant filed a motion to suppress the evidence, alleging that the arrest was invalid. At the conclusion of a hearing on the motion, the trial court found that the police officers lacked the authority to arrest defendant for driving without a license. The trial court stated that defendant should have been issued a summons and not arrested, and suppressed the evidence seized by the officers as fruits of an illegal arrest.

I.

The prosecution asserts that since the police officers had statutory authority to arrest defendant for driving without a license, a misdemeanor offense, the evidence was properly seized. We agree.

Section 42–2–101(1)(a), 17 C.R.S. (1984), provides:

(I) No person except those expressly exempted in section 42–2–102, shall drive any motor vehicle upon a highway in this state unless such person has a valid license prepared and issued by the department under this article. A copy of any driver's license shall not be considered valid under the provisions of this section

unless such copy bears the official seal of the state of Colorado.

(II) Any person who violates any provision of this paragraph (a) is guilty of a *misdemeanor* and, upon conviction thereof shall be punished by a fine of fifteen dollars.

(Emphasis added.)

Section 42–4–1501(1), 17 C.R.S. (1984),[1] states that it is a traffic infraction for any person to violate any provisions of articles 1 to 4 of the traffic code *unless* the violation is declared to be a felony, misdemeanor, or a misdemeanor traffic offense. Section 42–4–1501(4)(a), 17 C.R.S. (1984) states, in part:

At the time any person is arrested for the commission of any of the misdemeanors set forth in subsection (3) of this section, the arresting officer *may* ... offer to give notice to the person in charge of or operating the motor vehicle involved, which notice shall be in the form of a penalty assessment notice.

Driving without a license is a misdemeanor set forth in subsection (3) of section 42–4–1501, 17 C.R.S. (1984).

Our primary task in construing statutes is to ascertain and give effect to the intent of the General Assembly. *People v. Runningbear*, 753 P.2d 764, 767 (Colo.1988); *People v. Guenther*, 740 P.2d 971, 975 (Colo.1987); *People v. District Court*, 713 P.2d 918, 921 (Colo.1986); *Engelbrecht v. Hartford Accident & Indemnity Co.*, 680 P.2d 231, 233 (Colo.1984). To discern that intent we first look to the language of the statutes, giving the statutory terms their commonly accepted meaning. *Guenther*, 740 P.2d at 975; *Binkley v. People*, 716 P.2d 1111, 1113–14 (Colo.1986); *People v. District Court*, 713 P.2d at 921. If the language is clear and the intent appears with reasonable certainty, there is no need to resort to other rules of statutory construction. *People v. Appelhanz*, 738 P.2d

1182 (Colo.1987); *People v. District Court*, 713 P.2d at 921; *People v. Mascarenas*, 706 P.2d 404 (Colo.1985).

Section 42–2–101(1)(a) declares that driving without a license is a criminal misdemeanor. Section 42–4–1501(1) distinguishes between misdemeanors and other classes of traffic code violations, such as felonies, misdemeanor traffic offenses, and traffic infractions. The phrase "the arresting officer *may* ... offer to give a notice to the person in charge of operating a motor vehicle" contained in section 42–4–1501(4)(a) is susceptible to only one interpretation, and the legislative intent is reasonably certain.

A police officer is not required or commanded to serve a penalty notice on a person who drives without a license. The use of the term "may" in legislative authority is generally permissive or directory. *People v. District Court*, 713 P.2d at 922; *see also* Black's Law Dictionary 883 (5th ed. 1979) ("May.... [A]s a general rule, the word 'may' will not be treated as a word of command unless there is something in [the] context or subject matter of [the] act to indicate that it was used in such sense. In construction of statutes ... 'may' as opposed to 'shall' is indicative of discretion or choice between two or more alternatives....") (citation omitted).

■ Under section 42–4–1501(4)(a), an officer has no statutory duty to issue a penalty assessment notice in lieu of making a custodial arrest when he observes, or has probable cause to believe, that a person has driven a motor vehicle without a driver's license. Section 42–2–101(1)(a) provides that driving without a license is a criminal misdemeanor. A police officer always has the statutory authority to arrest an individual whom the officer observes committing a misdeameanor. § 16–3–102, 8A C.R.S. (1986). The use of the term "may" in section 42–4–1501(4)(a) merely gives a po-

---

**1.** Sections 42–2–101 and 42–4–1501, 17 C.R.S. (1984), were substantially modified effective July 1, 1987. *See* ch. 317, secs. 11, 66, and 67, §§ 42–2–101 and 42–4–1501, 1987 Colo.Sess.

Laws 1498, 1498–1525. Because the reenacted statutes became effective July 1, 1987 they do not apply to the present case.

lice officer the option of issuing a penalty notice instead of making a custodial arrest.[2]

Here, despite the request of the police officers, defendant would not produce a driver's license. Defendant was found to possess a driver's license only after he was arrested and searched. We conclude that defendant was lawfully arrested for committing the misdemeanor offense of driving without a license. Because the plain language of the traffic statutes, reflecting the intent of the General Assembly, establishes that the officers' actions in arresting defendant were authorized and valid, the evidence seized by the officers is not the fruit of an illegal arrest.

## II.

Defendant contends that *People v. Stark*, 682 P.2d 1240 (Colo.App.1984), is supported by *People v. Clyne*, 189 Colo. 412, 541 P.2d 71 (1975), and does not grant police officers authority to make an arrest for driving without a license.

*Clyne* and *Stark* held that sections 42–2–101 and 42–4–1501 do not grant police officers authority to make an arrest for driving without a license. In *Clyne* we stated:

[I]t is interesting to note the modern policy against custodial arrests and favoring the issuance of citations and summonses. State legislatures, including Colorado, have given effect to this policy by requiring the issuance of a penalty assessment notice or summons in ordinary traffic violations. Section 42–4–1501 *et. seq.*, C.R.S.1973; see Cal. Vehicle Code, § 40300 *et seq.*[3]

*Clyne*, 189 Colo. at 414, 541 P.2d at 72 (citations omitted).

Subsequent to *Clyne* and *Stark* we addressed the issue of searches incident to custodial arrests in *People v. Bischofberger*, 724 P.2d 660 (Colo.1986). Bischofberger was arrested in a restaurant parking lot for failure to appear and answer pending traffic charges. In a search incident to the arrest, the police officers found cocaine in a small container tucked into Bischofberger's shirt pocket. The trial court granted Bischofberger's motion to suppress, concluding that the scope of the officer's "pat down" search violated Bischofberger's fourth amendment rights. In reversing, we limited our holding in *Clyne*, stating that:

While *Clyne* arguably retains vitality in those instances involving a *temporary detention* of a suspect pending the issuance of a summons for a minor traffic or ordinance violation ... the fact remains that in the context of the Fourth Amendment the scope of a search incident to a *lawful custodial arrest* is quite broad.

*Bischofberger*, 724 P.2d at 664.

In view of our determination that police officers have statutory authority under sections 42–2–101 and 42–4–1501 to make custodial arrests for the misdemeanor offense of driving without a license, we hold a search incident to a lawful arrest does not violate a defendant's fourth amendment rights. Therefore, we reject the interpretations of sections 42–2–101 and 42–4–1501 set forth in both *Clyne* and *Stark*. Our holding further limits *Clyne* to apply only to circumstances involving a temporary detention of a traffic violator pending the

2. Defendant argues that section 42–4–1501(4)(b) should be read together with section 42–4–1501(4)(a) to conclude that a violator who refuses to identify himself to a police officer can be taken into custodial arrest *only* if the violator previously refused to accept a penalty assessment notice offered to him. We disagree with defendant's interpretation.

Section 42–4–1501(4)(b) only addresses the situations where a violator is first offered a notice, and then refuses to accept it. The statute does not prohibit a police officer from ar-

resting a driver who commits a misdemeanor, such as driving without a license. Accordingly, under the facts of the case before us, section 42–4–1501(4)(b) is inapplicable as the police officers elected to arrest defendant after defendant failed to produce a valid driver's license.

3. Sections 42–2–101 and 42–4–1501 have been amended since we decided *People v. Clyne*, 189 Colo. 412, 541 P.2d 71 (1975). However, the portions of sections 42–2–101 and 42–4–1501 critical to the issues before us remain substantially unchanged.

issuance of a summons or penalty assessment notice.[4]

To the extent that *Clyne* and *Stark* are inconsistent with this opinion, they are overruled.

The order of the trial court suppressing the seized evidence is reversed and the case is remanded for further proceedings consistent with this opinion.

---

4. Our holding is consistent with the United States Supreme Court decisions in *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed. 2d 427 (1973), and *Gustafson v. Florida,* 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973). In *Robinson,* the defendant was searched incidental to a custodial arrest for driving an automobile without a license. The Supreme Court held that in the case of a lawful custodial arrest, a full search of the suspect is not only an exception to the warrant requirement of the fourth amendment, it is also a reasonable search under that amendment. *Robinson,* 414 U.S. at 235, 94 S.Ct. at 477.

*Gustafson,* a companion case of *Robinson,* was decided on facts similar to those of the case before us. Police officers stopped a car that was driving erratically. The driver was unable to produce a driver's license and was arrested for failure to have the license in his possession. He was then searched and marijuana was found on his person. Citing its holding in *Robinson,* the Supreme Court upheld the search as valid and incidental to a lawful arrest. *Gustafson,* 414 U.S. at 265, 266, 94 S.Ct. at 491, 492.