Mark W. GERGANOFF and Robin E. McIntosh, Petitioners–Appellants,

v.

BOARD OF ASSESSMENT APPEALS, Appellee,

and

Jefferson County Board of Equalization, Respondent–Appellee.

No. 08CA2348.

Colorado Court of Appeals, Div. V.

Sept. 17, 2009.

Mark W. Gerganoff, Golden, Colorado, for Petitioners–Appellants.

John W. Suthers, Attorney General, Lisa Brenner–Freimann, Assistant Attorney General, Denver, Colorado, for Appellee.

Ellen G. Wakeman, County Attorney, Eric T. Butler, Deputy County Attorney, James

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2008.

L. Burgess, Deputy County Attorney, Golden, Colorado, for Respondent–Appellee.

Michael Koertje, County Attorney, Boulder, CO, for Amicus Curiae Boulder County Board of Equalization.

Kathryn Schroeder, County Attorney, George Rosenberg, Deputy County Attorney, Breena Meng, Deputy County Attorney, Littleton, Colorado, for Amicus Curiae Arapahoe County Board of Equalization.

David R. Fine, City Attorney, David Cooke, Assistant City Attorney, Denver, CO, for Amicus Curiae City and County of Denver Board of Equalization.

Kelly Dunnaway, County Attorney, Robert Clark, Senior Assistant County Attorney, Michelle Whisler, Senior Assistant County Attorney, Castle Rock, Colorado, for Douglas County Board of Commissioners.

Opinion by Judge NEY.*

Appellants, Mark W. Gerganoff and Robin E. McIntosh (Taxpayers), appeal the Board of Assessment Appeals' orders denying their motion for costs incurred in their 2007 property tax assessment protest. We reverse the orders and remand.

## I. Background

Taxpayers own real property in Jefferson County. The County assigned the property an actual value of $500,430 for the 2007 property tax year. Taxpayers protested their property tax assessment. The Jefferson County Assessor's Office denied the protest.

Taxpayers sought review of the Assessor's denial by the Jefferson County Board of Equalization. The Board of Equalization adopted the hearing officer's recommendation and upheld the denial.

Taxpayers then appealed the decision to the State Board of Assessment Appeals (BAA). Taxpayers asserted that the value of their property was $451,500. In support of their assertion Taxpayers submitted an expert report opining that the value of the property was $482,000. After a hearing, the BAA sustained in part Taxpayers' protest and entered an order reducing the 2007 actual value of the subject property from $500,430 to $485,000.

Relying on section 39–8–109, C.R.S.2008, Taxpayers moved for an order fixing costs at $962.50, to recover fees charged by their expert for preparing her reports and testifying at the hearing. In opposition to the motion, the County argued that section 39–8–109 authorizing an award for costs incurred by the prevailing party was not mandatory but discretionary, the BAA had not enacted any rule providing for costs, and Taxpayers' expert fees were unnecessary and unreasonable. The BAA denied Taxpayers' motion without making any findings. Taxpayers moved for an order containing findings to support the denial, which the BAA also denied. Taxpayers now appeal the denial of their motions.

## II. Standard of Review

The BAA's findings of fact are entitled to deference; its interpretation of a property tax statute is a question of law that we review de novo. *Jefferson County Bd. of County Comm'rs v. S.T. Spano Greenhouses, Inc.*, 155 P.3d 422, 424 (Colo.App.2006). We will not set aside a BAA decision if it is supported by competent evidence and correctly applies the law. *Bd. of Assessment Appeals v. Colorado Arlberg Club*, 762 P.2d 146, 151 (Colo.1988); *Jet Black, LLC v. Routt County Bd. of County Comm'rs*, 165 P.3d 744, 748 (Colo.App.2006); *see generally* § 24–4–106(7), (11)(e), C.R.S.2008.

## III. Analysis

■ Taxpayers first contend that section 39–8–109 is a mandatory prevailing party statute that requires the BAA to award prevailing taxpayers costs, including witness fees. While Taxpayers concede that the BAA has discretion under the statute to fix the amount of costs to be awarded, they claim they were entitled to an award of $962.50 because the County did not contest the reasonableness of Taxpayers' costs.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2009.

Taxpayers argue, without citing any authority, that the BAA's discretion "is triggered [only] if a party challenges the reasonableness or necessity of the costs." We disagree.

Section 39–8–109(1), C.R.S.2008, provides in part:

> If upon appeal the appellant is sustained, in whole or in part, then the appellant shall provide a copy of the order or judgment ... to the county assessor.... Upon presentation to the treasurer by the county assessor of a copy of the order or judgment ... modifying the valuation for assessment of the property, the appellant ... shall forthwith receive the appropriate refund of taxes and delinquent interest thereon, together with refund interest ... and a refund of costs in [the] court or board of assessment appeals, ... including the fees of the appellant's witnesses, *in such amount as may be fixed by the court or board of assessment appeals, as the case may be.*

(Emphasis added.)

When interpreting statutes, our primary task is to ascertain and give effect to the intent of the legislature in enacting them. *People v. Triantos,* 55 P.3d 131, 134 (Colo. 2002); *Slack v. Farmers Ins. Exch.,* 5 P.3d 280, 284 (Colo.2000). To discern that intent, we give statutory terms their commonly accepted meaning. *Triantos,* 55 P.3d at 134. When the language is unambiguous, we need not resort to other rules of statutory construction. *People v. Meredith,* 763 P.2d 562, 564 (Colo.1988).

We conclude that the plain meaning of the statute provides that a refund of costs including witness fees is mandatory. However, the *amount* of the award is discretionary.

The legislature's use of the term "may" is indicative of a grant of discretion or choice among alternatives. *Triantos,* 55 P.3d at 134; *Meredith,* 763 P.2d at 564. "The use of the term 'may' in legislative authority is generally permissive or directory." *Meredith,* 763 P.2d at 564; *see People v. District Court,* 713 P.2d 918, 922 (Colo.1986); *see also Black's Law Dictionary* 883 (5th ed. 1979) ("[A]s a general rule, the word 'may' will not be treated as a word of command unless there is something in [the] context or subject matter of [the] act to indicate that it was used in such sense. In construction of statutes ... 'may' as opposed to 'shall' is indicative of discretion or choice between two or more alternatives.").

Here, the use of the word "may" confers discretion on the BAA to determine in what amount to fix costs. Though the statute requires the treasurer to refund "taxes and delinquent interest thereon, together with refund interest ..., and a refund of costs," costs are only required to be refunded in the discretionary reasonable amount, fixed by the BAA. § 39–8–109(1). Taxpayers offer no authority, and we are aware of none, which supports the proposition that the language, "in such amount as may be fixed by the court or board of assessment appeals," does not include the discretion of the BAA to award costs in any reasonable amount.

Taxpayers next contend that the BAA abused or failed to exercise its discretion by denying their motion for costs. We conclude that further findings are necessary.

"The reasonableness of the costs and their amount is a matter within the sound discretion of the trial court, and we will not disturb that determination on appeal absent an abuse of discretion." *Harvey v. Farmers Ins. Exch.,* 983 P.2d 34, 41 (Colo. App.1998), *aff'd sub nom. Slack v. Farmers Ins. Exch.,* 5 P.3d 280 (Colo.2000). In our view, the same rule pertains to the BAA under the circumstances presented here.

Here, because there are no findings of fact in support of the BAA's order denying the award of any costs, we are unable to discern if the BAA denied Taxpayers' motion for costs because it believed it had discretion whether to award costs, which would have been erroneous, or if it awarded costs in the amount of zero, which, depending on its findings, could have been in its discretion. Accordingly, we remand this matter to the BAA for reconsideration.

Finally, we deny Taxpayers' request for an award of attorney fees and costs pursuant to C.A.R. 38(d). C.A.R. 38(d) provides: "If the appellate court shall determine that an appeal is frivolous, it may award just damages

and single or double costs to the *appellee*." (Emphasis added.) The rule does not allow an award of fees or costs to an appellant.

The BAA's orders denying the Taxpayers' motions for award of costs and for findings to support the denial of costs are reversed, and the case is remanded to the BAA for reconsideration of Taxpayers' motions in accordance to the views expressed herein.

Judge GRAHAM and Judge PLANK * concur.

